WILLIAM E. HAYWARD

*v.*

THE PEOPLE *ex rel.* Thomas E. Butler.

*Filed at Springfield April 2, 1895.*

1. TAXES—*failure of clerk to extend tax—right to add interest.* Paragraph 278 of the Revenue act, (2 Starr & Curtis, pp. 2117, 2118,) providing that omitted property may be subsequently listed and assessed, and arrearages of tax, with ten per cent interest thereon, charged against it, does not apply to a case where the property was duly listed by the owner and assessed, and the only fault was that of the county clerk in failing to extend the tax.

2. SAME—*what paragraphs apply in such case.* Such a case comes within paragraphs 279 and 280, (2 Starr & Curtis, p. 2118,) which provide that taxes assessed, which, for any reason, are not collected, may be added to the tax for a subsequent year, without adding interest, and with notice to the owner.

APPEAL from the County Court of Christian county; the Hon. VINCENT E. FAY, Judge, presiding.

TAYLOR & ABRAMS, for appellant.

JOSEPH C. CREIGHTON, State's Attorney, E. A. HUMPHREYS, City Attorney, and J. C. McBRIDE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county, rendered against certain land of appellant for an alleged omitted city tax assessed for the city of Pana for the years 1883, 1884, 1887, 1888, 1889 and 1890, not extended on the tax books for those years, respectively, but the amount of the same, with ten per cent interest, aggregating $519.18, was brought forward and placed on the tax books for 1892 by the county clerk, and, the same not being paid, the land was returned delinquent as to such "omitted tax," and application was made to the county court for judgment. Appellant, having paid all other taxes assessed against this land, filed and urged in the county court various objections to the

rendition of judgment. The court, after hearing the evidence, rendered the statutory judgment against the land for the tax, and interest thereon, as demanded, and appellant took this appeal.

The evidence shows that a city tax was levied by the city of Pana upon all real and personal property in said city for the years in question, and was certified to the county clerk, as required by law; that this land lay within the city limits, belonged to appellant, and had been regularly assessed to him during said time, but that the county clerk had omitted to extend the city tax against it for said years of 1883, 1884, 1887, 1888, 1889 and 1890.

The provisions of the Revenue act bearing upon the questions presented by the record are as follows:

"¶278. If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon for which such property was liable from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The arrearages of tax which might have been assessed, with ten per cent interest thereon from the time the same ought to have been paid, shall be charged against such property by the county clerk. It shall be the duty of county clerks to add uncollected personal property tax to the tax of any subsequent year, whenever they may find the person owing such uncollected tax assessed for any subsequent year.

"¶279. If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on

such property for any subsequent year, in separate columns, designating the year or years.

"¶280. No such charge for tax and interest for previous years, as provided for in the preceding section, shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided,* that the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk, as the case may require." 2 Starr & Curtis, pp. 2117, 2118.

Counsel for appellee contend that the county clerk was authorized, under the above paragraph 278, to bring forward this omitted tax when discovered, and charge it, with interest thereon at ten per cent, against this property, while counsel for appellant insist that this paragraph has no application, and that there is no provision of the statute applicable to the case; that, as was said in *People* v. *Smith,* 94 Ill. 228, "our revenue system is created by and depends upon the statute for its force and vitality," and there is no law authorizing the collection of this "omitted tax." They also insist that if collectible at all, proceedings therefor should have been had in pursuance of paragraphs 279 and 280, above quoted, which require that such tax must be added to the tax for some subsequent year, in separate columns designating the year or years, and that notice must be given to the owner, no interest being chargeable.

We are of the opinion that paragraph 278 does not apply to this tax. Its purpose seems to be to cover cases where lands have been omitted from the lists, or have been defectively described, or for some other cause not taxed, for, after referring to such omissions, it then provides (using the language of the statute) that "in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books." In the case at bar, however, this land had

been listed, assessed and placed on the assessment and tax books, and appellant had paid all taxes assessed against it. He was not in default. The neglect was not his, but the county clerk's in not extending this tax against the land when it was certified to him by the city authorities.

We cannot assume, in the absence of express statutory provision to that effect, that the legislature intended to authorize the county clerk, in cases where the owner has paid all taxes appearing to have been assessed against his property, and where the clerk has neglected to extend a certain tax for a series of years against some particular piece of listed property, to bring forward such tax at a subsequent year without designating the year or years for which it was assessed, and, after adding ten per cent interest, charge the whole in a lump against such property under the head of "omitted tax." To place such a construction upon the statute would make it unjust and oppressive. It would be unreasonable to suppose that the legislature intended, in such a case, to afford the property owner less means of knowing the nature and amount of the tax, and the year or years for which it is charged, than is afforded by the regular statutory proceedings for the assessment and collection of taxes in other cases. See *Ohio and Mississippi Railway Co.* v. *People ex rel.* 123 Ill. 648.

Paragraphs 279 and 280, above quoted, which authorize no interest, but provide that the year or years for which the tax is assessed shall be designated, and for notice to the owner, must be held to apply to the tax in question. See *Neff* v. *Smyth*, 111 Ill. 100.

For the errors indicated, the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*