THE PEOPLE ex rel. John W. Groves, Collector,

v.

THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. TAXES—*highway commissioners cannot levy tax for maintenance of roads lying within city limits.* The jurisdiction of a city over roads and bridges lying within its limits is exclusive, and township highway commissioners have no authority to levy a tax for their maintenance or construction.

2. SAME—*township organization—effect on road tax where city and town are co-extensive in territory.* Where the territory co-extensive with the limits of a city is organized into a town under the act of 1877, (Laws of 1877, p. 212,) and the office of highway commissioner is discontinued, the city council cannot levy a road tax in addition to the two per cent allowed for corporate purposes, as the highway commissioners could not have levied such a tax.

3. PRACTICE—*allowance of amendments is within the sound discretion of the court.* The allowance of amendments at trial is within the sound discretion of the court, which discretion will not be reviewed on appeal, in the absence of anything indicating its abuse.

APPEAL from the County Court of Sangamon county; the Hon. CHARLES P. KANE, Judge, presiding.

ROBERT E. HAMILL, and WILLIAM E. SHUTT, Jr., City Attorney, for appellant:

A city organized under the general law derives its authority and powers from the general law governing cities and villages. It is expressly limited by the City and Village act (Starr & Cur. 1896, p. 374,) to a levy of two per cent upon the aggregate valuation of its taxable property as equalized for the preceding year. This is a general limitation, embracing all powers of a city working under the general law. *People* v. *Railroad Co.* 167 Ill. 283.

This limitation, however, does not apply where, by the terms of a new grant conferred by legislative authority, it is expressly provided it shall not apply; nor has it any application where there is a grant of new power, necessarily implying, by the terms of the grant, exercise

of additional powers not pertaining to cities organized under the general law. *People* v. *Railroad Co.* 167 Ill. 283.

The act of 1877, expressly authorizing the creation of a town out of the territory embraced within the city, with co-extensive limits, expressly provides that the powers of the town so created shall be exercised by the city council of the city. 3 Starr & Cur. par. 136, p. 3948.

The terms "road" and "street" by statute are defined to include all ways and bridges. 3 Starr & Cur. par. 1, clause 16, p. 3836.

The power of commissioners of highways also extends to building permanent roads,—*i. e.*, paved streets. 3 Starr & Cur. sec. 2, p. 3545.

Failure to extend a road tax as a separate tax does not render the tax invalid, although required. Such a failure to extend as a separate tax does not affect the substantial justice of the tax, and cannot defeat its collection. *Thatcher* v. *People*, 79 Ill. 597.

Where the powers of a town are by law conferred upon the city council, upon township organization, the power to levy taxes for all the corporate purposes of such town necessarily passes to the city council. Where a particular power is given there is also implied the usual and appropriate means to its successful execution. *Fisher* v. *People*, 84 Ill. 492.

Where authority is given to contract a debt and no special provision is made for its payment, the very act of conferring the power to incur the liability, by implication also confers the power to levy the necessary taxes for its discharge. *Railway Co.* v. *Scott*, 116 Ill. 401.

The legislature cannot exempt cities from road taxes. It would be a violation of the rule requiring uniformity. 25 Am. & Eng. Ency. of Law; 616; *Fletcher* v. *Oliver*, 25 Ark. 289; *Gunnison County* v. *Owen*, 7 Colo. 467.

The presumptions are in favor of the tax, and the law presumes that the tax is valid. *Coal Co.* v. *Baker*, 135 Ill. 545; *Railway Co.* v. *People*, 116 id. 401.

GREENE & HUMPHREY, for appellee:                    •

Municipal corporations are responsible for the condition of their streets. *Railroad Co.* v. *Huss*, 41 Ill. App. 517; *Carney* v. *Marseilles*, 136 Ill. 401; *Jefferson* v. *Chapman*, 127 id. 438.

Where a city is charged with the duty of maintaining its streets, bridges, etc., township authorities have no power to act with respect thereto. *Ottawa* v. *Walker*, 21 Ill. 605; *Comrs. of Highways* v. *Baumgarten*, 41 id. 254; *Board of Supervisors* v. *People*, 111 id. 527; *People* v. *Railway Co.* 118 id. 532.

Where the territory of a village and a town are coterminous, town expenses included in the village appropriation ordinance and levied with the municipal taxes are illegally levied. The two organizations are not connected with each other. *Gage* v. *Goudy*, 141 Ill. 222.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The city of Springfield and the town of Capital are co-extensive in territory, and in accordance with the statute of 1877 (Laws of 1877, p. 212,) the two municipal corporations have become, in a degree at least, united. This statute provides that at the request of the city the territory embraced within the limits of any incorporated city may by the county board be organized as a town, where the county has adopted township organization, and in such case the offices of city clerk and town clerk, and of city treasurer and town collector, may be consolidated and the election of highway commissioners may be discontinued, and in section 4 thereof it is provided that "the powers vested in such town shall be exercised by the city council." (3 Starr & Curtis, p. 3948.) The city of Springfield brought itself within the provisions of this law, and the town of Capital was organized accordingly, with the same territorial boundaries. The city authorities made provision for the levy of a tax for the year 1896, amounting to the sum of $119,200, (which includes

$4000 of a public library tax.)   The assessed valuation, as equalized, of all property within its limits for the preceding year (1895) is $4,668,401, and the valuation for the year 1896 is $4,986,081, which makes the rate 2.40 per cent, excluding library tax, and any tax for bonds and interest.   The tax levy ordinance was duly certified to the county clerk, and he extended the tax at this rate against the property of the appellee lying within said city.   When application for judgment was made by the county collector for delinquent taxes the appellee filed an objection, to the effect that this tax was excessive, in that it exceeded the two per cent limitation placed on the city by paragraph 112 of the City and Village act. (1 Starr & Curtis, p. 734.)   The county court sustained this position and refused judgment for the excess, and this appeal brings the case before us for review.

It is unnecessary for us to determine just how far these two municipalities, the city and the town, retain their identity, and how far their powers become merged and consolidated, and how such powers must be exercised, after being united, according to the provisions of said statute of 1877.   The vital question in this case, as presented to us by the record and by the argument of counsel, is this:   Can the city council of Springfield levy a tax for road and bridge purposes such as would be or could be levied by commissioners of highways in a town whose boundaries are not co-extensive with those of a city, in addition to and in excess of the two per cent allowed by law to be raised by cities for corporate purposes?   Or, in other words, is the taxing power of a city and of the commissioners of highways cumulated in the city council of this city, by virtue of the fact that the city and town are co-extensive in territory and have been united by a compliance with said statute?

In the town of Capital there are no highway commissioners, and it is therefore claimed by the appellant that under section 4 of the act in question the powers which

would ordinarily attach to that board under the Road and Bridge act and the Township Organization act are transferred to the city council. Should this be conceded, yet it does not follow that this gave the city council a right to levy any additional taxes for roads and bridges inside the city limits, over and above the two per cent limited by the City and Village act. The law is well settled that the jurisdiction of a city over its streets and bridges is exclusive, and that the commissioners of highways have no jurisdiction over any roads or bridges lying within the corporate limits of any city, and that such commissioners have no authority to levy any tax whatever where the purpose is solely to maintain or construct roads or bridges within a city. (*People* v. *Supervisors*, 111 Ill. 527; *People* v. *Chicago and Northwestern Railway Co.* 118 id. 520; *Shields* v. *Ross*, 158 id. 214.) This being the law, if there were commissioners of highways in the town of Capital they could levy no tax for that purpose, for all the roads and bridges are necessarily also within the corporate limits of the city of Springfield. Therefore, even though the council of that city should be held to succeed to the powers of the board of highway commissioners of the said town of Capital, yet they could not, under that power, levy any such tax, for the reason that such commissioners were not vested with such power.

It is urged that this construction of the law gives an advantage to those municipalities in which the limits of the city and town are not co-extensive, because the law there permits the city authorities to levy two per cent and the highway commissioners an additional sixty cents on the $100 valuation, while where the limits of the city and town are co-extensive the limitation is two per cent. While this is true, the city, in this case, cannot complain, the merging of the city and town being purely voluntary on its part. Besides this, it is for us to construe the law as we find it, and not to make law so as to relieve against hardships, real or supposed.

It is also urged that the county court erred in permitting the appellee to amend its objections on the hearing of the cause, which in this case was after the time fixed by law for the collector to make settlement with the various treasurers. It is said that to permit new objections to be filed at so late a day might render it impossible for the collector to make his settlement within the time required by law, and might jeopardize settlements already made. Whether an amendment shall be allowed is, in any case, within the sound judicial discretion of the trial court. In this case the amendment was in furtherance of justice and contained no matter of surprise, and nothing appears in the record to indicate that such discretion was in anywise abused by the trial court in allowing it.

Finding no error we affirm the judgment.

*Judgment affirmed.*