(No. 21352.—

THE PEOPLE *ex rel.* Charles Koehler, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed June 24, 1932—Rehearing denied October 11, 1932.*

C. S. MILLER, (HARRY N. QUIGLEY, and SAMUEL W. BAXTER, of counsel,) for appellant.

M. J. O'SHEA, State's Attorney, and WILLIAM S. DEWEY, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Alexander county for $769.04 against the lands of appellant for delinquent 1930 road and bridge taxes of road district No. 1.

It was stipulated by the parties that the city of Cairo is a city organized under the Cities and Villages act and road district No. 1 in Alexander county is a road district organized under the Road and Bridge act and that both had corporate existence for all of the year 1930; that the boundaries of said city and road district are the same and both embrace the same territory; that the road district was organized on July 23, 1929, by the board of county commissioners of Alexander county upon request of the city council of the city of Cairo; that on August 5, 1929, the city council of the city of Cairo discontinued the offices of highway commissioners and district clerk; that on the second day of September, 1930, the following proceedings were had and entered of record by the council of the city of Cairo, acting for road district No. 1, to-wit:

*"Road District No. 1.*

COUNCIL CHAMBER, CAIRO, ILL.

*September 2, 1930.*

"Regular meeting. Present: Hon. August Bode, mayor, and commissioners Egan, Thistlewood and Wilson; absent: commissioner Cotter. The council, as highway commissioner of road district No. 1, Alexander county, Illinois, holding a regular meeting thereof on the first Tuesday of September, A. D. 1930, at its council chamber in the city of Cairo, Illinois, commissioner Wilson offered the following resolution:

" *'Resolved by the council of the city of Cairo,* exercising the powers and performing the duties of highway commissioner of road district No. 1, Alexander county, Illinois, that it is hereby determined that the rate of tax necessary to be levied upon all taxable property of said road district No. 1 for road and bridge purposes shall be thirty-three (33) cents on each $100 assessed valuation as assessed and equalized for the year A. D. 1930.

"'*And resolved further by said council,* that it is hereby determined that the amount necessary to be raised by taxation for the purpose of construction, maintenance and repair of roads and bridges in road district No. 1 for year 1930 is as follows:

| | |
|---|---:|
| For construction of roads | $20,000.00 |
| For maintenance of roads | 15,000.00 |
| For purchase of machinery | 2,000.00 |
| For prevention and extirpation of weeds | 3,000.00 |
| Total | $40,000.00 |

—to be levied against all of the property of said road district as assessed for the year 1930, and that said amount of money, or so much part thereof as may be approved by the county board of said Alexander county, be and the same is hereby levied for road and bridge taxes against all the taxable property of said road district for the year 1930.'"

Said resolution was adopted by the following vote: Aye: Bode, Egan, Thistlewood and Wilson—4; nay: None. Commissioner Wilson submitted the following:

"STATE OF ILLINOIS, } *ss.* Road District No. 1.
*County of Alexander.* }

"Council of the city of Cairo as the highway commissioner of said road district.

"*To the Board of County Commissioners of Alexander County, Illinois*—The undersigned council of the city of Cairo, exercising powers and performing duties of highway commissioner of road district No. 1 of Alexander county and State aforesaid, hereby certifies that at a regular meeting of said commissioners held on the first Tuesday of September in the year A. D. 1930, to-wit, on the second day of September, A. D. 1930, at the council chamber, for the purpose of determining the tax rate for road and bridge purposes to be certified by him to the county board as provided by law, he has determined that the rate of tax necessary to be levied upon all the taxable property of said road district No. one (1) for said purposes shall be 33c (thirty-three cents) on each $100 valuation as assessed and equalized for the year A. D. 1930. The said council, as commissioner of highways, does hereby further certify that at the regular annual meeting held at the office of the district clerk on the first Tuesday (being the second day) of September, A. D. 1930, he determined that the amount of money necessary to be raised by taxation for the purpose of construction, maintenance and repair of roads and bridges in said road district No. 1 for the year A. D. 1930, is as follows:

For the construction of roads..........................$20,000.00
For the maintenance of roads.......................... 15,000.00
For the purchase of machinery......................... 2,000.00
For the prevention and extirpation of weeds............ 3,000.00

    Total.........................................$40,000.00

—to be levied against all the taxable property of said road district as assessed for the year A. D. 1930, and it is hereby directed that the said amount of moneys, or so much or such part thereof as may be approved by the county board of said Alexander county, be and the same is hereby levied for road and bridge taxes against all the taxable property of said road district for the year A. D. 1930, the total sum of the aforesaid levies being forty thousand dollars ($40,000.00).

"Witness my hand this first Tuesday in September, A. D. 1930, the same being the second day of said month.

AUGUST BODE, *Mayor.*
ALEXANDER WILSON,
W. B. THISTLEWOOD,
MIKE EGAN,
*City Council—Highway Comrs.*

Attest: Robert A. Hatcher, City Clerk.     [Seal.]"

Commissioner Wilson, seconded by commissioner Thistlewood, then moved as follows: "I move that the certificate for tax levy for road and bridge taxes for road district No. 1 for year 1930 as herewith submitted be approved and that the same be executed by the mayor and a majority of members of the city council and attested by the city clerk and the corporate seal affixed and filed with the county board of Alexander county, Illinois." The motion was adopted by the following vote: Aye: Bode, Egan, Thistlewood and Wilson—4; nay: None.

On the second day of September, 1930, the aforesaid certificate of levy for road and bridge taxes for the year 1930 for road district No. 1 was filed in the office of the county clerk of Alexander county, and afterwards, on the 27th day of September, 1930, duly approved by the board of county commissioners of the said county; that the assessed valuation for the year 1930 of road district No. 1 as fixed and determined by the county authorities and for con-

venience called "county value" is $10,605,594 and as equalized by the State Tax Commission and for convenience called "State value" is $9,177,928, the tax commission having ordered a reduction of ten per cent in the assessed value of all lots in Alexander county, and that the assessed and equalized value were the same for the city of Cairo; that the assessed value for the year 1930 of the property of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company in road district No. 1 is $278,989 and a like amount in the city of Cairo, and that the amount of the road and bridge tax for the year 1930 for road district No. 1 extended against the property of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company is $920.67.

It is contended by appellant that this tax is void and the judgment erroneous for the reason that the statute provides (Smith's Stat. 1931, chap. 24, par. 696,) that the limit of the levy by the city council for street and bridge purposes where there is a road district wholly within the corporate limits of such city is twelve cents unless a greater levy is determined by three-fourths of the members of the council, in which event an additional levy of not to exceed eight and one-third cents might be made, and that under this statute instead of levying thirty-three cents the city council could only levy twenty and one-third cents. This contention cannot prevail, as the amount of the levy was determined by a vote of three-fourths of the members of the council, and the court did not enter judgment for thirty-three cents on the $100 but sustained the objection of appellant to the extent of the excess over twenty and one-third cents.

Appellant claims that the entire tax levy was void for the reason that there was no appropriation ordinance passed by the council and in force ten days before the tax levy ordinance was passed and within the first quarter of the fiscal year, and that there was no certified copy of a tax levy ordinance filed with the county clerk upon which he

could lawfully extend a tax for road and bridge purposes or street and bridge purposes. Alexander county is a county not under township organization and Cairo is a city in that county having a population of not less than 3000 inhabitants. Under the provisions of the Road and Bridge act applicable to this tax levy (Smith's Stat. 1931, chap. 121, sec. 41,) all the powers vested in a road district organized out of the territory embraced within the city, including all the powers vested by law in the highway commissioners of such road district, were vested in and to be exercised by the city council of the city, including the power to levy a tax for the proper construction, maintenance and repair of roads in such district, as provided by paragraph 3 of section 56, article 6, of the Road and Bridge act, (Smith's Stat. 1931, p. 2486,) and it was provided that all of the powers vested by law in the district clerk of such road district should be vested in and exercised by the city clerk of such city. By section 56 it was provided that at a regular meeting to be held on the first Tuesday in September the board of highway commissioners in each town or road district should annually determine and certify to the board of supervisors or board of county commissioners the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in such town or road district. After the city of Cairo was organized as road district No. 1 its city council acted in a dual capacity—as a city council and as highway commissioner. Its powers and duties as highway commissioner are separate and distinct from its duties as a city council and are to be exercised independently of any duties imposed upon it as a city council. (*People v. Drainage Comrs.* 143 Ill. 417.) The levy of Cairo's road and bridge tax was required to be made in conformity with section 56. That section did not require as a prerequisite either the passage of an appropriation ordinance ten days before the tax levy ordinance was passed or the filing of a certified copy of a tax levy ordinance with the county clerk,

but required that the city council, acting in the performance of its duties as highway commissioner, should determine the amount necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges in the road district and certify the same to the board of county commissioners. The proceedings of the city council above set forth with reference to this tax were a sufficient compliance with the requirements of the law to authorize the extension of the tax by the county clerk.

After the tax levy of 1930 was made and the taxes extended, and before the same were collected, the legislature amended section 41 so as to clarify and make certain the authority and duty of the city council with reference to the road and bridge tax and added an emergency section to the amendment, as follows: "Whereas, taxes have been levied under general authorization in section 41 of subdivision 1 of article 6 of the Roads and Bridges act by certain cities and villages, and objections have been made thereto, and such taxes being necessary for road and bridge purposes in such cities and villages will be saved by the provisions of this amendatory act, therefore, an emergency exists and this act shall take effect from and after its passage."

The city council of Cairo, in the exercise of its powers as highway commissioner, had authority to determine the amount necessary for a road and bridge tax and certify the same to the county clerk for levy. Where there is no constitutional prohibition there can be no question of the power of the legislature to validate by a curative act any proceeding which it might have authorized in advance, (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 323 Ill. 536,) and likewise an irregular exercise of the taxing power may be validated. *People* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 324 Ill. 43; *People* v. *Wisconsin Central Railroad Co.* 219 id. 94.

The judgment of the county court was in accordance with the law and is affirmed.

*Judgment affirmed.*