This is an appeal from the judgment of the county court of Alexander county overruling the objections of the appellant interposed to the application of the county collector for judgment against the lands of the appellant for delinquent 1931 road and bridge taxes of road district No. 1.
The city of Cairo is a city organized under the Cities and Villages act, having a commission form of government. Alexander county is a county not under township organization. Road district No. 1 in Alexander county was organized as a road district on July 23, 1929, under the provisions of section 41, subdivision 1, of article 6, of the Road and Bridge act. (Smith's Stat. 1933, chap. 121, p. 2471; Cahill's Stat. 1933, p. 2406.) The boundaries of the road district and the city are co-extensive. The offices of highway commissioner and district clerk were discontinued by the council of the city on August 5, 1929. On the first Tuesday of September, 1931, the persons composing the council of Cairo, at a meeting held on that day, at which the mayor and the four commissioners of the city of Cairo were present, determined that the amount necessary to be raised by taxes for the construction, maintenance and repair of roads and bridges in road district No. 1 for *Page 344 
the year 1931 was $30,000, and the rate of tax for road and bridge purposes was fixed at thirty-three cents on the $100 valuation. These persons further purported to authorize the mayor and city clerk to execute a certificate of levy in conformity with the determination of the said council. On the same day a purported certificate of levy in the sum of $30,000 embodying the tax rate of thirty-three cents on the $100 valuation was filed with the county clerk. This supposed certificate was signed as follows:
 "City Council of the City of Cairo, Illinois, as Highway Commissioner of Road District No. One (1) of Alexander County, Illinois.
By AUGUST BODE, Mayor. Attest: [Seal] ROBT. A. HATCHER, City Clerk of City of Cairo, Illinois, as District Clerk of said Road District No. One (1)."
The county commissioners approved the alleged certificate on September 24, 1931. On the authority of this certificate a road and bridge tax was extended in the sum of $864.59 against the property of the appellant by the county clerk.
In cities under the general Cities and Villages act the mayor and aldermen constitute the city council. (Smith's Stat. 1933, chap. 24, sec. 1, p. 335; Cahill's Stat. 1933, p. 320;Siegel v. City of Belleville, 349 Ill. 240.) In cities under the commission form of government the mayor and four commissioners compose the council of the city. Smith's Stat. 1933, chap. 24, par. 286, p. 389; Cahill's Stat. 1933, chap. 24, par. 344, p. 394.
By section 56 of the Road and Bridge act (Cahill's Stat. 1933, par. 62, p. 2412; Smith's Stat. 1933, par. 62, subdiv. 3, p. 2478;) it is provided that at a regular meeting to be held on the first Tuesday of September the highway commissioners shall annually determine and certify to the board of supervisors or county commissioners the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in the town or road district. By the statute under which road *Page 345 
district No. 1 was organized it is provided that all the powers vested by law in the highway commissioner shall be vested in and exercised by the city council, including the power to levy the road and bridge tax. (Sec. 41, supra.) The council is not a municipal corporation. Certain officers specified by the statute constitute the council. Acting as a body the individuals constitute the council; separately they do not. By reason of the individuals holding the offices of mayor and commissioners, they collectively became the highway commissioner of the road district upon its organization and the discontinuance of the former offices of highway commissioner and district clerk. This added authority they acquired because they occupied the city offices they did. The council of the city of Cairo was therefore the highway commissioner of the road district. Its powers, duties, authority and functions as such highway commissioner were entirely distinct and separate from its duties, powers and functions as a council. Functioning as the road commissioner, the members of the council do not, in legal contemplation, act as a council but act as a body of men to whom is delegated the power and authority of the highway commissioner under the statute creating road district No. 1. Those duties they exercised independently of and separately from their duties as mayor and commissioners of the city. Their functions are entirely separate and distinct on account of the dual capacity as the council and as highway commissioner. (People v. Cleveland, Cincinnati, Chicago and St. Louis RailwayCo. 349 Ill. 476.) It required at least a majority of the persons acting as a body constituting the council of the city to discharge any duties or exercise any functions as highway commissioner.
The filing of a proper certificate, properly executed, for the levy of the road and bridge taxes with the county clerk was jurisdictional. Without such certificate the county clerk had no authority to extend the tax. The certificate of this same road district before this court in the case of People *Page 346 
v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.supra, was signed by three of the persons who were the city commissioners and the person who was the mayor of the city. A district road tax is invalid where the district clerk, under the Road and Bridge act before the present amendment, files with the county clerk the original certificate of levy made by the commissioners instead of certifying the levy himself, and the irregularity cannot be cured upon the application for judgment of sale by allowing the district clerk to make and file a proper certificate. (Illinois Southeastern Railway Co.
v. People, 215 Ill. 123.) The tax certificate which the school directors are empowered to make is the basis of the school taxes. Such certificate is jurisdictional, and any tax extended for school purposes where no such certificate has been returned by the directors, as required by the statute, is null and void. (Weber v. Ohio and Mississippi Railway Co. 108 Ill. 451.) Under the road and bridge laws of 1913 the original certificate of levy of road and bridge taxes must be filed with the county clerk, and no valid tax can be extended by him upon a copy of the certificate of levy, the original of which is filed with the town clerk as was the practice under the old law. (People
v. Chicago, Rock Island and Pacific Railway Co. 269 Ill. 513.) The filing of the original tax levy ordinance instead of a certified copy thereof does not authorize the county clerk to extend a village tax. (People v. Chicago, Burlington and QuincyRailroad Co. 282 Ill. 206.) A certificate of school tax levy signed by two persons as directors where the district has a board of education is not a compliance with the statute.Chicago and Alton Railroad Co. v. People, 171 Ill. 544.
The persons who constituted the council of the city of Cairo had no authority to delegate to the mayor and clerk the power to execute the certificate of the tax levy, as was attempted to be done in this case. The certificate of tax levy should have been signed by the persons, or the majority *Page 347 
of the persons, holding the offices of the persons composing the council of the city of Cairo.
Other errors are assigned and argued upon the record in this case, but in view of our holding on the question of the validity of the certificate of tax levy we deem it unnecessary to pass upon the other errors assigned.
The judgment of the county court of Alexander county is reversed and the cause is remanded, with directions to enter judgment for the appellant.
Reversed and remanded, with directions.