(No. 27669.—

THE PEOPLE *ex rel.* Henry L. Siekmann, County Collector, Appellee, *vs.* PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed January 20, 1944.*

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, and N. W. HARTMAN, of St. Louis, Mo., for appellant.

L. P. ZERWECK, State's Attorney, of Belleville, KEVIN KANE, DAN McGLYNN, and JOHN C. ROBERTS, all of East St. Louis, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of St. Clair county overruled appellant's objections to the application of the county treasurer for judgment for 1940 delinquent street and bridge taxes of the city of East St. Louis and as to a portion of the school tax of School District No. 134 in that county. The facts pertaining to both of these objections are stipulated.

The facts as to the street and bridge tax are as follows: The town of East St. Louis and the city of East St. Louis are coextensive in area. For the year 1940 the city of East St. Louis levied taxes including a rate of 20.33 cents for street and bridge purposes in addition to the maximum rate of 66⅔ cents for general corporate purposes. This levy was made by an ordinance duly passed by the commission-

ers of the city on February 21, 1940. A certified copy thereof was filed with the county clerk on February 22, 1940, and the taxes were extended in accordance therewith.

Appellant objected to the tax on the ground that it was not levied by the city council sitting as highway commissioner of the township, and further, because it was not levied in time, since a highway commissioner is required to levy road and bridge taxes on the first Tuesday of September.

Counsel for appellant argue that under the holdings of this court it was essential to the validity of this street and bridge tax that it be levied at the time and in the manner provided by section 56 of the Roads and Bridges Act and by the members of the city council sitting and acting as highway commissioner, and not as a general city tax. They cite *People ex rel. Oller* v. *Cairo and Thebes Railroad Co.* 364 Ill. 329. That case had to do with the levy of road and bridge taxes for Road District No. 1 in Alexander county. Road District No. 1 was organized under the provisions of section 41 of the Roads and Bridges Act pertaining to road districts in counties not under township organization. (State Bar Stat. 1935, chap. 121, p. 2728.) The boundaries of Road District No. 1 were coextensive with the city limits of Cairo. It was pointed out by this court that under the provisions of section 41, the city council of the city of Cairo was vested with the power of highway commissioner to levy road and bridge taxes in Road District No. 1. Section 41 directed that such tax should be levied as provided in section 56 of the Roads and Bridges Act. That section requires that such tax be levied on the first Tuesday in September by the highway commissioners. It was also held that paragraph 1033 of the Cities and Villages Act, which empowered city councils and village boards of trustees to levy a street and bridge tax and fix the limitation thereof, was applicable; that the two acts were *in pari materia* and were to be read together.

It was also held that the limit of the tax to be levied by the city council acting as highway commissioner was fixed by paragraph 1033 of the Cities and Villages Act, (State Bar Stat. 1935, p. 719,) (hereinafter designated the Cities Streets and Bridges Act,) whereas the time and manner in which the city council acting as highway commissioner should levy the tax was governed by section 56, referred to in section 41 of the Roads and Bridges Act. Other cases of like import are *People ex rel. Koehler* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 354 Ill. 342, and *People ex rel. Koehler* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 349 Ill. 476. These cases also had to do with taxes levied in this same Road District No. 1 of Alexander county.

Appellee contends, however, that while it is settled that the Cities Streets and Bridges Act must be read in connection with sections 41 and 56 of the Roads and Bridges Act, in their application to road districts in counties not under township organization, such does not apply to counties under township organization where a township is co-extensive in area with a city and that section 41 relates entirely and only to road districts in counties not under township organization.

Section 41 of the Roads and Bridges Act, as in force on the date this tax was levied, (Ill. Rev. Stat. 1939, p. 2750,) refers to counties not under township organization and provides that upon the establishment, in accordance with the provisions of that section, of a road district organized out of territory wholly embraced within the city or village, if of the population there specified, all powers of such road district shall be vested in the city council or board of trustees "including the power to levy a tax for the proper construction, maintenance and repair of roads and bridges in such district as provided in section 56 of subdivision III of this article." Section 56 of the Roads and Bridges Act, (Ill. Rev. Stat. 1939, p. 2756,) provides

that road and bridge taxes shall be levied by the highway commissioners on the first Tuesday in September.

It was held in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 354 Ill. 342, that in counties not under township organization city councils or village boards, succeeding to the powers and duties of commissioners, are to exercise them not as a city council but as commissioners, and in the manner prescribed in section 56 of the Roads and Bridges Act. In *People ex rel. Groves* v. *Chicago and Alton Railroad Co.* 172 Ill. 71, decided prior to the enactment of the Cities Streets and Bridges Act, the issue was whether the city of Springfield, which contained within its corporate limits the entire town of Capital, could levy a tax for road and bridge purposes such as could be levied by commissioners of highways of a town, the boundaries of which are not coextensive with those of the city. It was held that the jurisdiction of a city over its streets and bridges is exclusive, and the commissioners of highways, to whose powers the city council succeeded, had no authority to levy a tax where the purpose is solely to maintain or construct roads and bridges within the city, and since this is so, the city council could not, in the exercise of the powers of highway commissioners, levy such a tax.

In 1925 the General Assembly, evidently to meet this situation, passed the Cities Streets and Bridges Act. It is entitled: "An Act to authorize cities and villages, which include wholly within their corporate limits, a town or towns, or road district, to levy for street and bridge purposes a tax in addition to the amount authorized to be levied for general purposes," as provided by the Cities and Villages Act, etc. (Ill. Rev. Stat. 1939, chap. 24, p. 544.) This act, which we here, for convenience, have designated the Cities Streets and Bridges Act, provides: "The city council of each city and board of trustees of each village or incorporated town, whether organized under the general law or special charter, which include wholly within

their corporate limits a town or towns, or road district, shall have power and may annually levy a tax for street and bridge purposes of not to exceed twelve (12) cents on each one hundred dollars on all the taxable property, * * *. Provided, that if in the opinion of three fourths of the members elected to the city council or board of trustees of such city, village or incorporated town, a greater levy for bridge and street purposes is needed an additional levy may be made of any sum not exceeding eight and one-third (8⅓) cents on the one hundred dollars of such taxable property." This act also provides that such tax shall be in addition to other taxes authorized to be levied by such city, village or incorporated town.

Appellee argues that, as the Cities Streets and Bridges Act makes no mention of a dual capacity in which a city council in such a situation shall act, and since, as held in *People* v. *Chicago and Alton Railroad Co.* 172 Ill. 71, the city has exclusive jurisdiction over its streets and bridges, the power given by the Cities Streets and Bridges Act was to levy a tax for such purposes as an exercise of its corporate power and not as highway commissioner. This act does not purport to add to the powers of highway commissioner which are assumed by the city council, but is an outright grant of power to levy street and bridge taxes in the city council's own right, and unless, as in the case of counties not under township organization, there be some other act which is *in pari materia* with that act and must be construed with it, that power may be exercised at the time and in the manner in which the city exercises other taxing powers.

Counsel for appellant argue that since section 40 of the Roads and Bridges Act, (Ill. Rev. Stat. 1939, p. 2750,) provides "for all purposes relating to the construction, repair, maintenance and supervision of roads and bridges, the several towns in counties under township organization, and road districts in counties not under township organi-

zation, shall, as near as may be, and subject to the provisions of this act, be regarded as analogous in corporate authority, and the powers and duties of the highway officers thereof shall be similar in extent and effect," it was the intention of the General Assembly that powers exercised by city councils and village boards shall, as relates to the question here, be exercised in the same manner whether the county be one under township organization or not so organized, and that the requirements of section 56 of the Roads and Bridges Act as applied to the time and manner in making a road and bridge levy, apply to such a tax levy by city council or village board. It is clear that section 41 of the Roads and Bridges Act relates only to road districts in counties not under township organization. No statute has been cited, nor have we discovered any, governing townships coextensive with cities or villages, which makes any reference to section 56 of the Roads and Bridges Act in the matter of levying road and bridge taxes, or in any manner provides for or refers to the manner in which street and bridge taxes authorized to be levied by city councils or village boards shall be levied. The only reference in the statute to cases where township and city lines shall be coextensive, is section 4 of "An Act to authorize county boards in counties under township organization, to organize certain territory situated therein, as a town," etc., (Ill. Rev. Stat. 1939, p. 3144,) which reads as follows: "All the powers vested in such town, including all the powers now vested by law in the Highway Commissioners of such town, shall be exercised by the city council, except the appointment of poormaster."

It was pointed out in *People* v. *Cairo and Thebes Railroad Co.* 364 Ill. 329, that the Cities Streets and Bridges Act is a specific act and the rule that "specific statutory provisions control as against general provisions on the same subject, appearing either in the same act or in other acts," was there announced, citing *Robbins* v. *Lincoln Park Comrs.*

332 Ill. 571. While, as was announced in the *Cairo and Thebes Railroad Co. case,* the Cities Street and Bridges Act is to be construed with sections 41 and 56 of the Roads and Bridges Act relating to road districts, as to the manner of levying road and bridge taxes, it does not follow that such construction is to be applied to townships wholly within a city, as here. The Cities Streets and Bridges Act is a specific act. As applied to the facts here, it is not *in pari materia* with any other act relating to the method of levying street and bridge taxes in townships lying wholly within a city or village. It is our conclusion, therefore, that since specific power to levy street and bridge taxes is given by that act, with no direction as to how they shall be levied, such taxes shall be levied as other city taxes are levied. It follows from these considerations that the county court was right in overruling the objections to the street and bridge taxes.

The facts concerning the school tax for School District No. 134, are as follows: For the years 1939 and 1940 the maximum rate of taxation was $1.50 on the one-hundred-dollar assessed valuation for educational purposes and 50 cents for building purposes. For each of these years this district levied $25,000 for educational purposes and $10,000 for building purposes. Of the 1939 levy the county clerk, through error, extended the tax for educational purposes at $1.00 instead of $1.50, as required by the amount of the 1939 levy. This error resulted in the extension of taxes in a sum $6689.55 less than would have been realized had the full legal maximum rate been extended. In 1940 the school board, in addition to its levy of the maximum legal rate, passed a resolution showing the error on the part of the clerk in the extension of the 1939 educational tax and requesting the county clerk "to extend the additional sum of $6,689.55 for educational purposes for the year 1940, which said sum was omitted through error for the year 1939." In order to produce this amount a rate

of 49 cents was extended in 1940, in addition to the rate of $1.50 required for the 1940 levy. The clerk, in extending the tax, extended it as one lump sum on the collector's books in one column instead of a separate column, as provided by the statute, and appellant urges this situation as an objection to that portion of the school tax levied against it in 1940.

Section 222 of the Revenue Act, in force in 1939, (Ill. Rev. Stat. 1939, chap. 120, par. 703, p. 2716,) provides: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any omission, erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." Appellant argues, first, that the above-quoted provision of the statute does not apply to this situation, and, second, that if it be held applicable, the tax objected to was not extended in compliance therewith, and substantial injustice will be done appellant.

In support of its first point, appellant's counsel say that in 1939 its property was assessed in School District No. 134 and the tax was extended by the county clerk and was paid, and nothing appears on the 1940 tax books to indicate the contrary, nor to indicate that the 49 cents assessed over the statutory limit is for taxes not extended in 1939; but, they say, the county clerk extended $2.49 against appellant's property wholly as the 1940 tax. They say further that the statute quoted is intended to cover a situation where "the tax or assessment" is not collected on one parcel but is paid on all other property, and does not apply to cases where, as here, the clerk extends a miscalculated rate on all property of the district; that the statute refers to the whole tax or assessment and not to a part of it. They cite, as supporting this construction, *Hayward* v. *People ex rel. Butler,* 156 Ill. 84. In that case a city tax was

sought to be collected for several back years as omitted taxes under statutory provisions then in force permitting 10 per cent penalties. The county clerk had legally extended taxes against property of the objector for those years but had omitted to extend the city tax though it apparently had been levied. It was held that the section on omitted taxes, then section 278 of the Revenue Act, did not apply, since that section was intended to apply where lands had been omitted from the list or had been defectively described, or for some other reason were not taxed. It was also held that as objector's land had been placed on the assessment books and he had paid all taxes extended against it, he was not in default and should not be penalized by bringing forward all the back taxes without designating years for which they were extended as omitted tax, and charging them and interest as a lump sum against objector's property. It was further in that case held, however, that paragraph 279, (2 Starr & Curtis, p. 2117,) which is in substance the same as section 222 quoted herein, and section 280, (2 Starr & Curtis, p. 2118,) must be held to apply.

In *Watson* v. *Village of Sibley,* 372 Ill. 633, a situation similar to the one now before us was considered. In that case village taxes for the years 1934 to 1937, inclusive, were, in 1938, extended against the property of the plaintiff who filed complaint seeking, among other relief, an injunction restraining the collection of those taxes. The issue before this court was whether section 277, referred to in the *Hayward case,* (which, as we have seen, is substantially the same as section 222 of the Revenue Act quoted herein,) authorized the extension and collection of these unextended and uncollected village taxes. The property owner there, as here, contended that the language of the statute applied only to property omitted from taxation and had no application to cases where property was legally assessed and the taxes paid as extended. In that case it

was shown that the village tax, while assessed and levied against all property of the village, was not extended against the property of the plaintiff because of pending proceedings to disconnect his property from the village. It was held that the situation came squarely within the statute here quoted. No village tax had been extended against plaintiff's property though a tax had been assessed and levied against it. Here, an educational tax was assessed and levied against appellant's property in 1939 and part of it was extended and paid. We see no reason for holding that this difference in the factual situation calls · for a different conclusion as to the applicability of section 222. It was evidently enacted to cover mistakes such as occurred here. This contention of appellant cannot be sustained.

Appellant's counsel say, in support of their second point, that, assuming the applicability of section 222 of the Revenue Act, what was done here not only failed in substantial compliance with that section but may well result in substantial injustice to appellant. They point out that this 1939 tax now sought to be collected as a part of the 1940 taxes is in no way separated on the tax books from the 1940 assessment and levy of school taxes but was extended as a lump sum as 1940 taxes, disregarding the requirement of section 222 that it be extended as a part of the 1939 taxes and so designated in a separate column. They argue that substantial justice requires that the statute in this regard be followed in order not only that the taxpayer may know from an examination of the records what the tax is for, but also that in the future the county clerk may not again extend the same tax as an uncollected tax for an earlier year.

Appellee's counsel argue that the error of the clerk in this regard does not affect the justice of the tax and so does not vitiate it. They point out that the record here shows that the school board, by resolution, explained the error in the extension of the 1939 educational tax and re-

quested the county clerk to extend the additional sum necessary to make up the difference; that their resolution shows that the sum of $6689.55, which they requested the county clerk to extend, "was omitted through error for the year 1939," and that the certificate of levy of taxes and this resolution of the school board were filed with the county clerk and form a part of the records of his office pertaining to the levy and extension of school taxes.

Appellant in reply argues that the school board was not required to file such a resolution in the clerk's office and therefore the substantial compliance of the statute with reference to extending the tax in separate columns must be observed. Here that resolution is a part of the clerk's record and we are unable to see why in this case the property owner to whom the county clerk's books are always open, was not protected against future extension of this tax. The record was there for examination. The taxpayer could know why this extra amount was extended. That this tax has not been paid is conceded. While failure to extend it in a separate column, designating the year for which it was extended, did not give to the taxpayer notice that it was for an uncollected tax for the year 1939, he did have notice of that fact on examination of the tax records in the clerk's office. Were there no such notice in the clerk's office, such irregularity would have been fatal to the tax for it would fail to give sufficient notice and protection to the taxpayer. The rule generally is that failure to extend taxes in their proper columns, where such failure does not result in an injustice to the taxpayer, or affect the justice of the tax, does not vitiate the tax. *People ex rel. Smith* v. *National Plate Glass Co.* 344 Ill. 340.

We are of the opinion, therefore, that the county court did not err in overruling appellant's objections filed to this tax and to the street and bridge tax. Its judgment is therefore affirmed.

*Judgment affirmed.*