*In re* APPLICATION OF COUNTY COLLECTOR OF McHENRY COUNTY (Audrey Walgenbach, McHenry County Collector, Petitioner-Appellant, v. Palatine National Bank, Trust No. 953, *et al.*, Respondents-Appellees).

Second District No. 2—87—0440

Opinion filed January 19, 1988.

.  Michael J. Duggan and Scott F. Uhler, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock, and Richard J. Szura, of Abbamonto, Szura & Binder, of Cary (David N. Stone, Assistant State's Attorney, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Audrey Walgenbach, the McHenry County collector, appeals from an order of the circuit court of McHenry County granting a tax refund of $2,334.23 to respondents-tax objectors, Palatine National Bank, trust No. 953, *et al.*, finding that petitioner's extension of a 1983 deficiency tax levy for Community Unit School District No. 300 (district) was improper.

Petitioner raises the following issue on appeal: whether the 1983 deficiency tax extension was authorized under section 222 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1981, ch. 120, par. 703) where the county clerk used the 1981 valuation for that portion of the district located in Cook County in computing the 1982 equalized assessed valuation for the entire district.

Community Unit School District No. 300 is a multicounty school district located in McHenry, Kane, De Kalb, and Cook Counties. Section 17—12 of the School Code (Code) describes the procedure for levying taxes in a multicounty school district and provides, in pertinent part:

> "[E]ach county clerk shall ascertain the total equalized valuation of all the taxable property in that part of the district as lies in his county, and certify the amount thereof to the county clerk of each of the other counties in which any part of the district lies. From the aggregate of such equalized valuation and from the certificate of the amount so required to be levied, such clerk shall ascertain the rate per cent required to produce in the district the amount of such levy ***." Ill. Rev. Stat. 1981, ch. 122, par. 17—12.

The relevant facts at trial were stipulated to as follows. For the 1982 tax year, the county clerk of McHenry County extended taxes for the district at a rate based on an assumed assessed valuation of $406,028,826. The assumed assessed valuation used for the 1982 tax year included the 1981, rather than the 1982, assessed valuation for that portion of the district which lies in Cook County. The correct assessed valuation for the district for the 1982 tax year was $406,044,059. On November 28, 1983, the board of education of the district adopted a resolution requesting and directing the McHenry County clerk to extend a deficiency tax levy in the amount of $77,522.19 as part of the district's 1983 taxes.

The sole issue, stipulated to be decided by the circuit court, was whether the deficiency tax levy extended for the district for the 1983 tax year was authorized by section 222 of the Act.

Below, respondents challenged the deficiency tax levy asserting that it was an additional assessment of taxes on property which the taxing authority improperly underassessed, and then, upon which it collected taxes. Respondents further argued that the levying of a deficiency tax without notice to the property owners violated section 702 of the Act and was contrary to the dictates of "due process." Petitioner contended that the McHenry County clerk did not follow the mandates of the pertinent statutes and improperly used the 1981 as-

sessed value for that portion of the district located in Cook County. Therefore, pursuant to section 222 of the Act, petitioner was entitled to extend the deficiency tax onto the subsequent year's taxes for the district. The circuit court sustained respondents' objection to the deficiency tax levy and granted a refund in the amount of $2,334.23.

Section 222 of the Act states:

> "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any omission, erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." Ill. Rev. Stat. 1981, ch. 120, par. 703.

In *People ex rel. Siekmann v. Pennsylvania R.R. Co.* (1944), 385 Ill. 350, 52 N.E.2d 796, our supreme court applied section 222 where the school district was prevented from collecting taxes because of the actions of the county clerk. In *Siekmann*, the school district levied taxes at a maximum rate of $1.50 per $100 assessed valuation for educational purposes and 50 cents for building purposes for the 1939 and 1940 tax years. The county clerk extended the 1939 levy for educational purposes at a rate of $1 instead of the $1.50 rate, which resulted in a deficiency. The school district recognized this error, passed a resolution, and requested that the county clerk extend the deficiency tax onto the school district's 1940 levy. (*Siekmann*, 385 Ill. at 357-58, 52 N.E.2d at 799.) The objectors asserted that section 222 (Ill. Rev. Stat. 1939, ch. 120, par. 703 (now Ill. Rev. Stat. 1981, ch. 120, par. 703)) did not apply where the county clerk extended a miscalculated rate on all property within the district; rather, it applied where the tax or assessment was not collected on one parcel but was paid on all other property. *Siekmann*, 385 Ill. at 358, 52 N.E.2d at 799.

The supreme court rejected this contention and held that, because the educational tax had been assessed and levied, section 222 authorized the county clerk to extend the erroneously calculated 1939 levy onto the school district's 1940 levy. *Siekmann*, 385 Ill. at 359-60, 52 N.E.2d at 800.

■■ We find this case factually similar to *Siekmann*. Like *Siekmann*, the district's 1982 educational tax was assessed and levied. While the county clerk in *Siekmann* used the wrong rate in computing the amount of tax owed, the McHenry County clerk here used the wrong year's assessed valuation in computing the amount of tax owed. The error of the McHenry County clerk was in assuming an assessed valuation in 1982 based on the 1981 assessed valuation of a

portion of the district in Cook County, and that is what prevented petitioner from collecting the total amount of 1982 taxes owed. The district realized that its 1982 tax levy was miscalculated and passed a resolution which directed the McHenry County clerk to extend the deficiency onto its 1983 tax levy. We conclude that section 222 was enacted to include a mistake such as that which occurred here. It follows, then, that the McHenry County clerk properly extended the 1982 deficiency onto the district's 1983 tax levy pursuant to section 222.

Respondents also urge that petitioner failed to give proper notice of the extension of the deficiency levy. Respondents cite *People ex rel. Edgar v. National Box Co.* (1910), 248 Ill. 141, 93 N.E. 778, for the proposition that the notice requirement of section 221 of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 702) applies to sections 220 and 222 (Ill. Rev. Stat. 1981, ch. 120, pars. 701, 703). Arguably, then, petitioner's failure to give notice of the extended tax deficiency rendered section 222 inapplicable to this case. We disagree.

■ Section 278 of the Revenue Act of 1872 (Ill. Rev. Stat. 1874, ch. 120, par. 278), which is substantially the same as the current section 221, was interpreted by the supreme court in *National Box Co.*, wherein the court stated that section 278 (now section 221) could not, under any circumstances, require the assessor to give notice under section 277 (now section 222) because section 277 (now section 222) has nothing to do with the assessor and deals only with the tax that had been levied but was for some reason not collected. (248 Ill. at 144-45.) We decline to read a notice requirement into section 222 where the legislature has chosen not to include it. Under the circumstances here, where the McHenry County clerk erroneously assumed an assessed valuation for 1982 for the district by using the 1981 assessed valuation, no notice to respondents of the deficiency tax extension in 1983 was required under section 703. Based on the stipulated facts, respondents' property was neither omitted property which was not assessed, nor was it indicated that their individual property was reassessed, apart from the county clerk's error using the 1981 assessed valuation for the part of the district in Cook County.

We note that petitioner has raised, for the first time on appeal, that section 162(d) of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 643(d)) allowed the county clerk to use estimated valuations or estimated rates where a county has a taxing district which extends into one or more other counties. However, we do not consider this argument because it was not presented to the trial court in either the stipulated facts or the stipulated issue to be decided.

For the foregoing reasons, the judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

NASH and DUNN, JJ., concur.