## The Ohio and Mississippi Railway Company

*v.*

## The People *ex rel.* James O. Calvin, Collector.

*Filed at Mt. Vernon January 20, 1888.*

1. COMMISSIONERS OF HIGHWAYS—*of their powers.*   Commissioners of highways have no powers except those conferred by the statute, and they can perform no act imposing burdens, except those plainly authorized by the statute.

2. ROAD TAX—*levy should be made annually—not for several years at one time.*   Highway commissioners are required annually to ascertain how much road tax is required to be raised, and to levy the same. If they omit to tax certain property for several years, they will not be warranted by the law in assessing such property in the current years with all the taxes it should have been charged with in the omitted years.

3. Certain commissioners of highways, from 1875 to 1883, inclusive, levied the necessary road taxes annually upon all the taxable property in their town, except the property of a railroad company, which was over- looked. In 1886 the omission was discovered, and the commissioners then made out lists for the several districts, of property of the company, for each year, from 1875 to 1883, both inclusive, and ordered that the road taxes for those years be levied against the property of the company, which were extended accordingly: *Held,* that the taxes for such years were illegally levied, and could not be collected by law.

APPEAL from the County Court of Wayne county; the Hon. E. C. KRAMER, Judge, presiding.

Messrs. POLLARD & WERNER, for the appellant.

Messrs. CREIGHTON & SIBLEY, and Mr. EDWIN BEECHER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application, at the May term, 1887, of the county court of Wayne county, for judgment against certain real property of the Ohio and Mississippi Railway Company, for back district road taxes claimed to be due and unpaid for a period of nine years, from 1875 to 1883, both inclusive,

extended for the first time, with the taxes of 1886. The railway company appeared in the county court and filed various objections to the application for judgment, but the court overruled all of the objections, and rendered judgment against the property for $1008.39 district road taxes for nine years. To reverse the judgment of the county court, the railway company appealed.

From an examination of the evidence introduced on the hearing before the county court, it appears that the railway company was assessed for each of the nine years named in the proceeding, for State, county and all other taxes for which other property was assessed, except district road taxes, and the railway company paid, for each of said years, all taxes assessed against it. It also appears that the highway commissioners of the town in which the tax in question is claimed, in each of the nine years above mentioned, at the regular meeting in April, levied and assessed a tax for district road purposes, and made a list of the real and personal property in each road district in the town, except the property of the railway company, and extended the tax on the same as required by the statute, except upon the property of the railway company in said town, and that the tax so levied and extended was paid by the property owners in the town each year. It also appears that at the regular meeting of said board of highway commissioners in April, 1886, it was discovered that the property of the Ohio and Mississippi Railway Company in the township of Bedford had been omitted from the lists, and from the levy and assessment by the highway commissioners of Bedford township, for road taxes only, for the years from 1875 to 1883, both inclusive. It was therefore ordered by said commissioners of highways, at said meeting, that lists be made out, for the several road districts, of the property of the said Ohio and Mississippi Railway Company, for each year from 1875 to 1883, both inclusive, and that the taxes for road purposes only, so levied and assessed as aforesaid, be extended

against said property of the Ohio and Mississippi Railway Company for each year so omitted, at the same rate and in the same manner as said taxes were extended against all the other real and personal property in said township for said years, respectively ; that said commissioners of highways did prepare lists, and levy and extend said omitted tax against the railroad track and rolling stock and property of the Ohio and Mississippi Railway Company in said township, and on the 20th day of August, 1886, served notice on said company to work out said tax, which it failed to do, whereupon the overseers placed said company on the delinquent list, which was submitted to the board of supervisors, and the board, at its September meeting, 1886, ordered the county clerk to extend the amount of the arrearages of road taxes returned as aforesaid, and the county clerk notified defendant, and did extend said tax.

The main question presented by the facts, as they appear from the record, is, whether the highway commissioners had the authority, in April, 1886, to levy and extend the taxes for the nine years from 1875 to 1883, inclusive, against the property of the railway company.   It is a plain proposition that the highway commissioners have no powers except those conferred by the statute, and that they can perform no acts or impose no burdens except those plainly authorized by the statute ; and when they undertake to perform any act which the statute does not say they may do, that act will be void. Section 83, chapter 121, of the statute entitled "Roads and Bridges," (Starr & Curtis, p. 2161,) provides, that "the commissioners of highways of each town shall *annually* ascertain \* \* \* how much money must be raised by tax on real and personal property and railroad . property \* \* \* for the making and repairing of roads, \* \* \* not exceeding forty cents on each one hundred dollars worth, as equalized and assessed by the State Board of Equalization for taxation for the previous year, and shall levy and assess the same as a road

tax against said property." Then follow various other sections, defining the duties of the commissioners, the overseers, etc., but they have no special bearing on the question involved, and it will not be necessary to set them out in full. Section 83 is the one which confers the power on the highway commissioners to assess and extend taxes for road purposes, but it will be observed that the statute only authorizes them to act *annually*. They are empowered to meet each year, and determine how much shall be raised for that year, and shall levy and assess the same as a road tax against the property of the town. But the statute nowhere declares that these highway commissioners may wait for nine years, and then meet, and determine that a property owner shall pay a road tax for the past nine years,—pay a gross sum in one year for the past nine. No such power is given, and as the power has not been conferred it can not be exercised. There is wisdom in requiring the tax to be assessed and extended annually. When so extended, the property owner may be able to work out the tax or pay it; but if, on the other hand, the commissioners may wait until the expiration of nine years, and then levy for the whole period, and require it to be paid at once, the amount might be so large that the owner could not pay, and thus his property would be liable to be sacrificed. Here the road tax, as assessed by the commissioners, for the nine years, against the railway company in the one township, without interest or penalty or costs, amounts to the sum of $1008.39. It is unreasonable to believe the legislature ever intended to intrust in the hands of the highway commissioners the power to place such great burdens on the property owners, as contended for in this case.

But it is claimed that the tax may be sustained under sections 278 and 279 of the Revenue law. The first named section is as follows: "If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon, for which such property was liable, for any

cause has not been paid, or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case, when discovered, shall be listed and assessed by the assessor, and placed on the assessment and tax books. The arrearages of tax which might have been assessed, with ten per cent interest thereon from the time the same ought to have been paid, shall be charged against such property by the county clerk."

The railway property was not omitted from the assessment, as the evidence shows it was assessed each year. The first clause of the section has therefore no bearing on the case. All taxes levied upon the property, and for which such property was liable, have been paid each year, and hence the second clause has no application. There was no defect in the description of the property, and hence the third clause of the section has no bearing.

The next section (279) supposed to have some bearing on the case is as follows : "If the tax or assessments on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns, designating the year or years."

It is manifest, after a moment's reflection, that this section of the statute has no bearing whatever on the case. No road tax having been assessed or levied on the property during the nine years, there was therefore no tax on the property to be prevented from being collected by reason of an erroneous proceeding or other cause, as specified in the act. Indeed, we find no provision of the statute which will sanction or authorize the action of the highway commissioners in the assessment or extension of the taxes in question.

It therefore follows that the judgment of the county court was erroneous, and it will be reversed, and the cause remanded.

*Judgment reversed.*