(No. 21548.—

THE PEOPLE ex rel. School Directors of District No. 73, Appellees, vs. RAYMOND C. KLEHM, Township Treasurer, et al.—(SCHOOL DIRECTORS OF DISTRICT NO. 73½, Appellants.—(THE PEOPLE ex rel. School Directors of District No. 73½, Appellants, vs. RAYMOND C. KLEHM, Township Treasurer, et al. Appellees.

*Opinion filed October 22, 1932—Rehearing denied Dec. 13, 1932*

NELSON, BURTON & QUINDRY, (T. J. BOODELL, B. BLAKENY HARRIS, and S. E. QUINDRY, of counsel,) for appellants.

WELLS & LIDDELL, (HENRY L. WELLS, and JOHN M. BRYANT, of counsel,) for appellees the School Directors of District No. 73; HARRY H. TALCOTT, for appellee Raymond C. Klehm, township treasurer.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State, on the relation of the school directors of district No. 73, situated in the township of Niles, in Cook county, filed a petition in the superior court of that county for a writ of *mandamus* commanding Raymond C. Klehm, the township treasurer, to credit to the district $14,356.96 out of $14,675.84 received by him on account of certain taxes levied for school purposes in the year 1930. The school directors of district No. 73½, in the same township, claiming a portion of the fund, were by amendment, made additional defendants to the petition. Subsequently, the directors of the latter district, seeking to coerce the township treasurer to credit to that district forty-two per cent of the money received and to be collected from the particular tax levy, caused a similar petition for a writ of *mandamus* to be filed. The directors of district No. 73, as well as the township treasurer, were made defendants. The causes were consolidated; the township treasurer filed a single answer to both petitions and each petition was ordered to stand as an answer to the other petition. The consolidated cause was heard upon a stipulation of facts. A writ of *mandamus* in accordance with the prayer of the petition filed on the relation of the school directors of district No. 73, was ordered issued; the other petition was dismissed and the directors of district No. 73½ prosecute this appeal.

Shortly prior to August 6, 1930, the directors of district No. 73, in Niles township, in Cook county, ordered

taxes levied for educational and building purposes aggregating $55,000. The certificate of the levy was filed with the county clerk on that day. Nine days later, on August 15, 1930, the district was divided into two districts which thereafter became known as school districts Nos. 73 and 73½. At the time of the division, the value of the property subject to taxation in district No. 73 was $5,151,502 and in district No. 73½, $3,577,373.

The trustees of schools of the township, pursuant to section 65 of the School act, on October 6, 1930, apportioned to new district No. 73, fifty-eight per cent, and to district No. 73½, forty-two per cent, of the funds of the original district. Prior thereto, on September 10, 1930, they caused an appraisement of the real and personal property of the original district to be made, and at a meeting held on April 13, 1931, directed the township treasurer to place to the credit of school district No. 73½, $7375.41 as its proportion of the value of such property, and the credit was accordingly made. The taxes for the year 1929 had been levied upon all the taxable property within the original district, and were credited and applied between the two districts in the proportions designated.

Owing to delays for which the county clerk was not responsible, he could not complete the extension of the taxes levied for the year 1930 until March 1, 1932. Through an error in his office, however, the taxes were not levied upon all the taxable property within the original district. Of the whole sum of $55,000, $54,109.22 was extended against the property in new district No. 73, and the remaining $890.78 against an inconsiderable area of the land in district No. 73½. To produce the sum of $55,000 levied required the extension of the school taxes at the rate of $1.01 on each one hundred dollars of valuation within the reduced area.

The township treasurer received from the town and county collectors, $14,675.84 of the school taxes levied

in the year 1930. Of this sum, $14,356.96 was paid upon property within school district No. 73, and the balance of $318.88 upon property in school district No. 73½. The directors of the former district made a demand upon the township treasurer that the sum of $14,356.96, derived from the property within their jurisdiction, be credited to that district. They claimed no part of the sum of $318.88 in taxes produced by the small area of land in school district No. 73½. The directors of the latter district, however, demanded of the township treasurer, forty-two per cent of the whole sum, namely, $14,675.84, received by him. Both demands were refused by the township treasurer and the petitions for writs of *mandamus* in the consolidated suit followed.

The appellants contend that, by filing the certificate of the tax levy with the county clerk on August 6, 1930, the taxes ordered levied constituted an asset of the original district, and that, upon the division of that district on August 15, 1930, new district No. 73 became entitled to fifty-eight per cent, and district No. 73½ to forty-two per cent of the taxes so levied; and second, that the error of the county clerk, whereby practically all of the property in district No. 73½ escaped the particular tax levy, may be corrected by a subsequent extension of the same taxes against the omitted property of the district, and when collected fifty-eight per cent will be available to new district No. 73. To support these contentions, the appellants invoke section 64 of the School act (Cahill's Stat. 1931, p. 2500; Smith's Stat. 1931, p. 2624), and section 277 of the Revenue act (Cahill's Stat. 1931, p. 2363; Smith's Stat. 1931, p. 2425). The appellees insist first, that the statutes upon which the appellants rely are not applicable to the facts of the present case and, for that reason do not support the contentions made; second, that school taxes extended and collected after the division of an original school district into two districts must be apportioned between the new districts

according to the taxes paid upon the property in each, and third, that district No. 73½ may be relieved from the consequences of the county clerk's omission to extend the taxes levied against all the property in the district by a subsequent levy under section 189 of the School law. Cahill's Stat. 1931, p. 2554; Smith's Stat. 1931, p. 2667.

Section 64 of the School law provides: "When a new district has been formed by the trustees, or by the county superintendent or county superintendents, from a part of a district or parts of two or more districts, the trustees of the township or townships concerned shall make forthwith a distribution of tax funds, or other funds in the hands of the treasurer, or to which the district may at the time of such division be entitled, so that the old and new districts shall receive parts of such funds in proportion to the amount of taxes collected next preceding such division from the taxable property in the territory composing the several districts. If the new districts be composed of parts of two or more districts, the trustees shall make distribution of such funds between the new district and the old districts respectively, so that the new district shall receive a distribution of the funds of each of the old districts in the proportion which the amount of taxes collected from the property in the territory of the new district bears to the whole taxes collected next before the division in the old district; and the township treasurer shall forthwith place the sum so distributed to the credit of the respective districts, and shall immediately place the proportion of the funds to which the new district may be entitled to its credit on his books, and the funds on hand shall be subject at once to the order of the directors of the new district, and those not on hand, as soon as collected."

In case a new district is formed by taking for that purpose a part of the territory from a larger district, section 64 prescribes that the school trustees concerned, "shall make forthwith a distribution of tax funds, or other funds

in the hands of the treasurer, or to which the district may at the time of such division be entitled." All tax funds belonging to a school district are not necessarily in the hands of the school treasurer. Money derived from the taxation of property for the lawful purposes of a particular school district may, at the time of the division of the district, be in the hands of the town and county collectors. Before payment by them to the school treasurer, the final custodian, such money would constitute "tax funds" to which the district, at the time of its division, would be entitled. The district would also be entitled to taxes levied by it, assessed and payable, but not yet collected. "Funds," according to the usual acceptation of that term, are not derived from a tax levy until after the rate has been determined, the taxes extended and collection begun. On August 15, 1930, when the division of original district No. 73 was made, the tax levy certified to the county clerk on August 6, 1930, had not been extended and the extensions were not completed until March 1, 1932. The proceeds of a tax levy not finally extended or in process of collection until eighteen and one-half months after the school district which made the levy had been divided, cannot be included in the immediate distribution of "funds in the hands of the treasurer or to which the district may at the time of such division be entitled."

Section 64 of the School law will not avail the appellants for another reason. The distribution must be made "so that the old and new districts shall receive parts of such funds in proportion to the amount of taxes collected next preceding such division from the taxable property in the territory composing the several districts." One definition of the word "proportion," taken from the Century Dictionary is: "That which falls to one's lot when a whole is divided according to a rule or principle; just or proper share; in general, portion; lot." Another definition, found in Webster's New International Dictionary is: "The por-

tion one receives when a whole is distributed by a rule or principle; equal or proper share; lot." The just or proper share of a new school district formed by taking part of the territory from an existing district is the sum of the taxes collected, next preceding the division, from the taxable property in the territory composing the new district. The limitation thus imposed does not permit school taxes paid upon property in one district to be applied to the purposes of another district. It follows that, even if the taxes certified on August 6, 1930, and not placed in collection until after March 1, 1932, could be held to be included in the immediate distribution of funds required by section 64, the appellants would not be entitled to any portion of the taxes paid upon property in new district No. 73 pursuant to that levy.

Section 277 of the Revenue act provides: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." The appellants argue that this section authorizes the extension, in addition to the current levy in any subsequent year, of the taxes certified on August 6, 1930, against the property in district No. 73½ omitted from that tax levy, and that fifty-eight per cent of the additional taxes when collected may be paid to new district No. 73 to refund it for taxes advanced out of the same levy to district No. 73½ upon the formation, and in compliance with the demand, of the latter district. The theory of the appellants not only departs from the statute because the collection of no tax or assessment was prevented, but it also requires one school district to levy taxes for the use of another district. Instances arise in which the collection of a valid tax or assessment on property subject to taxation

has been prevented. To equalize the burden of taxation, section 277 authorizes the addition of the amount of such uncollected tax or assessment to the taxes levied by the same authority on the same property for a subsequent year. Manifestly, the section does not authorize the addition of taxes not assessed to taxes subsequently levied (*Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 648), nor empower one jurisdiction to levy a tax for the benefit of another jurisdiction.

The suggestion is made by the appellees that district No. 73½ may be relieved from the consequences of the county clerk's omission by recourse to section 189 of the School law. Whether that section authorizes a subsequent levy against the property within the district omitted from the tax levy of 1930 need not be considered. This case presents no such issue for determination.

The judgment of the superior court is affirmed.

*Judgment affirmed.*