(No. 22831.—

THE PEOPLE *ex rel.* Thomas D. Nash, County Collector, Appellee, *vs.* EDNA E. BARNETT, Appellant.

*Opinion filed February 21, 1935—Rehearing denied April 9, 1935.*

ROBERT N. HOLT, for appellant.

THOMAS J. COURTNEY, State's Attorney, and LOUIS H. GEIMAN, (HAYDEN N. BELL, and JACOB SHAMBERG, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The county court of Cook county overruled the objections of the appellant to a tax of $85.47 extended against her property under a tax levy purported to have been made by school district No. 73½. From the judgment against the property and ordering the sale thereof the appellant has prosecuted this appeal.

There is no controversy as to the facts. School district No. 73 on August 6, 1930, levied a tax for the education fund and the building fund aggregating $55,000 and filed its certificate of levy with the county clerk. On August 15, 1930, a certain portion of school district No. 73 was organized into a new school district known as No. 73½, and the resolution dividing the district was filed with the county clerk on September 3, 1930. In February and March, 1932, in connection with the general extension of taxes for the year 1930 in Cook county, the county clerk, acting on advice of counsel, extended the entire $55,000

against the real estate and property then remaining in district No. 73. On or about October 6, 1931, the school authorities of the two districts met and provided for a division of the school funds between the districts on a basis of fifty-eight per cent for district No. 73 as reduced and forty-two per cent for the new district No. 73½. This resolution was filed with the township treasurer but not with the county clerk. On October 10, 1930, school district No. 73½ made a levy in the sum of $5730.50 for the purpose of paying interest on bonds, which tax was extended against the property in that district, but the district did not make any other levy in that year. In 1931 school district No. 73½ levied its annual tax in the sum of $30,000 for the education fund and $17,500 for the building fund, and the county clerk extended a rate of 1.55 by virtue of said levy. In addition to the levy made in 1931 by district No. 73½ a tax rate of .66 was extended by the county clerk as a back-tax levy in the sum of $23,100, being the sum of $10,500 education fund and $12,600 building fund. In explanation of the so-called back-tax levy, the tax extension clerk testified that of his own motion he went back to the levy made by the old school district No. 73 in 1930 and used that as the basis for the 1930 back taxes extended in 1931 for school district No. 73½. He arrived at the amount of $23,100 by taking forty-two per cent of the levy of $55,000 made by district No. 73 on August 6, 1930.

It is the contention of the appellant that the tax levy of $23,100 was wholly without authority of law; that it is in no sense a back tax nor is it omitted property from any tax levy made by school district No. 73½, while the appellee argues that it was clearly an error of the clerk in not extending the levy of August 6, 1930, against all the property at that time in school district No. 73, and that the tax here questioned is a back tax erroneously not extended against the property in school district No. 73½.

The question of the original tax levy of $55,000 and the rights of the same two school districts in the distribution of the funds collected from such tax were before this court in *People* v. *Klehm,* 350 Ill. 419, in which proceeding both of the school districts were parties. In that case district No. 73½ made two contentions: (1) That by filing the certificate of tax levy with the county clerk on August 6, 1930, the tax therein ordered levied constituted an asset of the original district No. 73, and that upon the division of that district on August 15, 1930, district No. 73½ became entitled to forty-two per cent and the new district No. 73 to fifty-eight per cent of the taxes so levied; and (2) the error of the county clerk, whereby practically all the property in district No. 73½ escaped the particular tax, might be corrected by a subsequent extension of the same tax against the omitted property of the district, and when collected fifty-eight per cent would be available to new district No. 73. Both of these issues were decided adversely to district No. 73½. The court there specifically held that "the proceeds of a tax levy not finally extended or in process of collection until eighteen and one-half months after the school district which made the levy had been divided, cannot be included in the immediate distribution of 'funds in the hands of the treasurer or to which the district may at the time of such division be entitled.' "

The provisions of section 64 of the general School law (Smith's Stat. 1933, chap. 122, p. 2609; Cahill's Stat. 1933, chap. 122, p. 2494;) that the school trustees "shall make forthwith a distribution of tax funds, or other funds in the hands of the treasurer, or to which the district may at the time of such division be entitled," do not apply to taxes to be derived from a tax levy until after the levy has been determined, the tax extended and the collection begun. *People* v. *Klehm, supra.*

The appellee cites and relies on the case of *People* v. *Missouri Pacific Railroad Co.* 301 Ill. 541, as controlling

upon the issue here made. He, in substance, states that the clerk failed to extend the school tax levy there involved upon the property of the entire district, and that the tax which should have been extended as a current tax in the entire district was extended as a back tax. We cannot agree with the appellee's statement that the tax there in question was a back tax. A careful reading of that case discloses that the school tax levied had not been extended against certain real estate which, by contract made without legal authority between two county school superintendents, was agreed to be included within an adjoining school district. The objector urged that because the school tax had not been extended against lands which, though lawfully a part of the district levying the tax, were illegally included by such contract in an adjacent district, the entire tax levy was void and objector's property was not subject to the payment of the tax extended against it. This court decided that issue against the objector. No question of the collection of a back tax was presented and the case does not support the appellee's position.

The appellee relies upon section 277 of the Revenue act as authorizing the levy and extension of the present tax. That section provides as follows: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." Cahill's Stat. 1933, chap. 120, par. 292, p. 2353; Smith's Stat. p. 2406.

It must be remembered that school district No. 73½ had no power to make a lawful levy of taxes for the year 1930 for the reason that it was organized subsequent to the first Tuesday in August of that year. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 313 Ill. 249; *People*

v. *Wabash Railway Co.* 296 id. 527, and id. 518.) Levies
and extensions of taxes must be made for current and suc-
ceeding years; the statute does not authorize the levying
of a tax for the past year. (*People* v. *New York Central
Railroad Co.* 356 Ill. 67.) The tax here is sought to be
levied as a back tax. The term "back tax" obviously means
that the property was subject to a tax at some date prior
to the levying of the so-called back tax by the taxing au-
thorities making such levy. The tax levy which it is
claimed was by error not extended against the property
within district No. 73½ was a tax levied by the old dis-
trict No. 73, an entirely different taxing authority from
district No. 73½. District No. 73½ was not in existence
at the time of such levy.

Under the authority of *People* v. *Klehm, supra,* school
district No. 73½ had no vested interest in the tax levy
made by school district No. 73 at the time it was so made.
If it ever had an interest it was not until after the tax had
been determined, the tax extended and the collection begun.
(*People* v. *Klehm, supra.*) It is manifest that this tax
was not levied by district No. 73½ for the purpose of
raising an education fund and a building fund solely for
district No. 73½. The tax is based upon forty-two per
cent of the levy of $55,000 originally made by old school
district No. 73. The proceeding here is clearly an effort
to collect for school district No. 73½ its forty-two per cent
of the tax levy of $55,000. There is no statutory authority
for the levy on behalf of district No. 73½ of such pur-
ported tax of $23,100, and the tax in question imposed
thereby upon the objector's property was void. The county
court erred in not sustaining the objections to the tax in
question.

The judgment of the county court of Cook county is
reversed and the cause is remanded to that court, with di-
rections to sustain the appellant's objections.

*Reversed and remanded, with directions.*