(No. 25341.—

EMILY S. WATSON *et al.* Appellants, *vs.* THE VILLAGE OF SIBLEY *et al.* Appellees.

*Opinion filed December 15, 1939—Rehearing denied Feb. 8, 1940.*

DOBBINS, DOBBINS & THOMAS, for appellants.

C. M. SWANSON, State's Attorney, and LINDLEY, PACEY & JOHNSON, for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Emily S. Watson and three others, trustees of the estate of Hiram Sibley, deceased, on January 11, 1934, filed a petition in the circuit court of Ford county seeking the disconnection of a parcel of real estate owned by them from the limits of the village of Sibley. Their petition was filed conformably to the provisions of the Disconnection act of 1933, (Laws of 1933, p. 220,) subsequently held unconstitutional. (*Forsythe* v. *Village of Cooksville,* 356 Ill. 289.) The cause proceeded to the point of preparing an order in favor of the plaintiffs, as directed by the court. March 12, 1934, this draft order was transmitted to the trial judge who, it appears, never returned it or any other final order to the clerk or to plaintiffs' attorneys. In any event, no judgment was entered. No village taxes were extended against the plaintiffs' property for the years 1934, 1935, 1936 and 1937, and none collected. The property was not omitted in the assessment of property for tax purposes during the years named, and all taxes actually extended against it were paid. In the latter part of 1938,

the county clerk notified plaintiffs that in extending the 1938 taxes levied by the village against their property he would add to the tax the village taxes for the four years commencing 1934. Upon the basis of the facts narrated the plaintiffs filed their complaint in the circuit court against the village, the county clerk, and the county treasurer and *ex officio* collector asking, among other relief, (1) that their tract be adjudged to have been disconnected from the village by the proceeding initiated in 1934, or, in the alternative, that upon their petition contained in the present complaint reciting the conditions requisite for detachment under the Disconnection act of 1935 the land be ordered disconnected from the village, and (2) that the village and the clerk be enjoined from extending against their property, and the collector be restrained from collecting, if so extended, the village taxes for the years 1934 to 1937, inclusive. March 29, 1939, an order was entered disconnecting the tract from the territory embraced within the corporate limits of the village, pursuant to the provisions of the act of 1935. The complaint, as to the other relief sought, was dismissed. By this appeal plaintiffs challenge the judgment and decree only to the extent injunctive relief against the defendants was denied.

The sole issue made by the pleadings which requires consideration is whether section 277 of the Revenue act authorizes the extension and collection of the unextended and unpaid village taxes against plaintiffs' property for the years 1934, 1935, 1936 and 1937. Section 277 (Ill. Rev. Stat. 1937, chap. 120, par. 262, p. 2673) provides: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years."

636

Plaintiffs contend that the foregoing statutory provision affords a remedy for the collection of taxes on property omitted from taxation and is, hence, inapplicable to the factual situation presented, namely, where the property has been regularly assessed for the years in controversy, taxes levied against it, and the particular taxes which were extended, paid. Maintaining that section 277 applies to the prevention of collection of a tax assessed and levied, defendants point out that although plaintiffs' property was assessed, and the village tax levied, such tax was not extended for four years owing to a misapprehension of the status of the disconnection proceeding commenced in 1934 and that, in consequence, a duty rested upon the clerk to extend the back taxes with the current tax for the year 1938.

Recourse to the Revenue act discloses that section 277 makes no reference to an omitted tax but refers merely to uncollected taxes. In *People* v. *National Box Co.* 248 Ill. 141, this court pertinently observed that section 277 "deals only with a tax which had been already levied and had not, for some reason, been collected." The extension and collection of tax which plaintiffs sought to enjoin is the extension and collection of back taxes for the four years immediately prior to 1938. "Back tax" refers to a tax on property that was subject to tax at some date antecedent to the levying of the so-called back tax by the taxing authorities making such levy. (*People* v. *Barnett*, 360 Ill. 67.) Where the collection of a valid back tax or assessment on property subject to taxation has been prevented, section 277 authorizes the addition of the amount of such uncollected tax or assessment to the taxes levied by the same authority on the same property for a subsequent year. (*People* v. *Klehm*, 350 Ill. 419.) Conversely, the section does not authorize the addition of taxes not assessed to the taxes subsequently levied. (*Ohio and Mississippi Railway Co.* v. *People*, 123 Ill. 648.) Plaintiffs alleged that all taxes extended against

or imposed upon their property had been fully paid. Their complaint does not purport to allege, however, that the village taxes assessed and levied against their property in the village of Sibley were extended and collected. Admittedly, the village tax for four years was not extended by the clerk nor paid by plaintiffs. A situation squarely within the contemplation of section 277 is thus presented. Manifestly, the remedy which the section provides in such cases is available to defendants to the end that the tax burden may be equalized by adding the uncollected back taxes levied by the village to the taxes levied by it on plaintiffs' property for 1938.

*Hayward* v. *People,* 156 Ill. 84, closely parallels the instant case. There, a city tax was levied by the city of Pana upon all property within the corporate limits for the years 1883, 1884, 1888, 1889 and 1890, and was certified to the county clerk. The amount of the back taxes, with ten per cent interest, as section 276 of the Revenue act prescribes, was extended on the tax books for 1892 by the county clerk. Hayward's land had been regularly assessed to him during the years named, but the county clerk had omitted to extend the city tax against it for those years. This court rejected the contention that section 276 authorized the clerk to bring forward this omitted tax when discovered, and charge it, with interest thereon at ten per cent, against Hayward's property, holding, instead, that sections 277 and 278, which authorize no interest, but provide that the year or years for which the tax is assessed shall be designated, and for notice to the owner, did apply to the tax in controversy.

Plaintiffs, to obtain a reversal, place reliance, however, upon *Ohio and Mississippi Railway Co.* v. *People, supra.* In this case the highway commissioners of the township of Bedford, in Wayne county, from 1875 to 1883, inclusive, levied the necessary road taxes annually upon all the tax-

able property in their town, except the property of the railway company, which was overlooked. In 1886 the omission was discovered, and the commissioners then made out lists, for the several districts, of the property of the company for each year from 1875 to 1883, both inclusive, and ordered that the road taxes for those years be levied against the property of the company. The commissioners were required annually to ascertain how much road tax was required to be raised, and to levy the tax. This court held that having failed to assess or levy the road tax upon the property during the nine years, the commissioners were not warranted in assessing such property, as omitted property, in the current year, namely, 1886, with all the taxes which should have been imposed in the omitted years. Referring to the inapplicability of section 277 as a basis for sustaining the challenged tax the court said: "No road tax having been assessed or levied on the property during the nine years, there was therefore no tax on the property to be prevented from being collected by reason of an erroneous proceeding or other cause, as specified in the act." In the case relied upon by plaintiffs there was no assessment and no levy of a road tax for the years 1875 to 1883 and, hence, no tax to extend. Here, there was admittedly an assessment and a levy creating the tax for four successive years and, therefore, a tax to be extended during each of those years. In short, the village taxes were assessed and levied during the four years in question but were not extended. Manifestly, *Ohio and Mississippi Railway Co.* v. *People, supra,* cannot avail plaintiffs.

To sustain their position plaintiffs also invoke *Wabash Railroad Co.* v. *People,* 196 Ill. 606. In the case cited the railroad ran through the east half of sections 25 and 36, which prior to 1892 was within the limits of school district No. 4. In April, 1892, the boundaries of the school district were so changed that the east half of sections 25 and 36

became a part of school district No. 2. Despite the change the county clerk continued to extend the taxes for school purposes against the railroad company in the east half of those sections for the years 1892 to 1898, inclusive, as still in district No. 4. The taxes were paid, turned over and received by school district No. 4. The taxes for school purposes levied by school district No. 2 were extended against other property than that of the railroad company and were paid, so that school district No. 2 actually received all the taxes levied in the district for those years from persons other than the railroad company. Upon appeal, it was held that the judgment of the county court of Piatt county upholding a tax in favor of school district No. 2 could not be sustained under section 276 of the Revenue act as being on omitted property since it was assessed in each of the years of 1892 to 1898, inclusive, nor under section 277 because no school tax having been levied on the property during the years in controversy in favor of school district No. 2, and the taxes levied thereon in favor of school district No. 4 having been paid, there was, in consequence, no tax on the property to be prevented from being collected by reason of an erroneous proceeding or other cause, within the contemplation of the statute. All taxes assessed and levied in *Ohio and Mississippi Railway Co.* v. *People, supra,* and *Wabash Railroad Co.* v. *People, supra,* were also extended and paid. In the present case, although the village tax was assessed and levied it was neither extended against plaintiffs' property nor paid by them.

The judgment and decree of the circuit court are affirmed.

*Judgment and decree affirmed.*