LOUISE CHODL, Plaintiff and Counterdefendant-Appellant, *v.* CHARLES CHODL, JR., Defendant and Counterplaintiff-Appellee.

Second District (1st Division)   No. 75-136

Opinion filed March 30, 1976.

Ralph A. Ketchum, of Dreyer, Foote & Streit, of Aurora, for appellant.

Benedict Schwarz II, of Korfist, Schwarz & Early, of West Dundee, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff appeals from a post-decretal order which required her to pay certain real estate taxes on the marital home conveyed to her husband under the terms of a settlement agreement incorporated in a decree of divorce.

The divorce decree was entered on September 16, 1974, in favor of Charles Chodl upon his counterclaim. In the settlement agreement Louise Chodl agreed to quitclaim her one-half joint tenancy interest in the marital residence to the counterplaintiff in exchange for a cash payment of $10,000. The decree contained mutual releases of all claims against either party arising from the marital relationship. It also provided that Mrs.

Chodl should have exclusive occupancy of the marital residence for no more than 30 days from the date of the decree and would thereafter vacate the premises.

There was, however, no provision as to the obligation to to pay the 1973 general real estate taxes. On October 4, 1974, the husband petitioned the court to direct the wife to pay the 1973 tax bill. The court on October 30, 1974 (made nunc pro tunc as of October 4, 1974), ordered that the wife be solely liable for the real estate taxes from the date of the separation of the parties, in September, 1973, until the date possession was delivered. The trial judge specifically stated that he was not convinced as a matter of law that the question of the obligation to pay the taxes was resolved by the divorce decree but that he had concluded that it was within the court's discretion as a matter of equity. He therefore found the equities against the wife who had had the use and enjoyment of the marital home without payment.

The wife appeals the October 4 order contending that since there were no allegations or evidence of fraud, concealment or mutual mistake on the part of the parties, the court had no power to subsequently modify the property settlement provisions of the divorce decree. She also argues that by accepting a quitclaim deed, the husband accepted the property as he found it and received the property subject to the lien of the taxes.

The husband contends that since the settlement agreement was silent on the matter of the real estate tax bill, the court retained power within the 30 days from the entry of the judgment for divorce to determine the question of liability for the tax bill as between the parties.

■■■ The jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute. The court hearing divorce matters does not exercise general equity powers. (*Smith v. Smith*, 334 Ill. 370, 379 (1929); *Smith v. Johnson*, 321 Ill. 134, 140 (1926); *Farah v. Farah*, 25 Ill. App. 3d 481, 487 (1975).) The court in a divorce action may adjust the equities of the parties in any property owned by them jointly. (*Podgornik v. Podgornik*, 392 Ill. 124, 126 (1945); (Ill. Rev. Stat. 1973, ch. 40, par. 18).) However, where the parties do not rely upon the statutory powers of the court for the adjustment of their property rights but instead adjust those rights by mutual agreement, the parties are concluded by their agreement. (*Smith v. Smith*, 334 Ill. 370, 378-79 (1929); *Gold v. Gold*, 17 Ill. App. 3d 11, 14 (1974).) When a property settlement agreement is approved by the court and embodied in a divorce decree, the trial court is without authority to modify it, set it aside, or enter a decree contrary to it except upon proof that the agreement was secured by fraud or coercion or is contrary to any rule of law, public policy, or morals. (*Swannell v. Wilson*, 400 Ill. 138 (1948); *Smith v. Smith*, at 379; *Gaddis v. Gaddis*, 20 Ill. App. 3d 267, 270 (1974).) This rule obtains where relief is sought within 30

days of the decree. Compare *Guyton v. Guyton*, 17 Ill. 2d 439, 445 (1959), and *Filko v. Filko*, 127 Ill. App. 2d 10 (1970), with *James v. James*, 14 Ill. 2d 295 (1958).

Within the 30 days in which the trial court retains jurisdiction to correct its decrees, it is vested with discretion, however, to amend agreed property settlement provisions of a decree in order to carry out the agreement consistent with the intention of the parties when its exercise of discretion does not alter substantive rights of the parties. (See *Harbin v. Harbin*, 12 Mich. App. 320, 162 N.W.2d 822, 825 (1968).) It has also been held that normal rules for the construction of contracts apply in construing property settlement agreements. See *In re Estate of Kite*, 19 Ill. App. 3d 932, 934 (1974).

It does not appear in this case that the trial court was exercising discretion to carry out the intentions of the parties. In effect the trial judge added a provision which the parties had not agreed upon. By ordering the wife to pay the tax bill, he effectively modified the reference to a quitclaim deed and the portion of the agreement mutually waiving and releasing claims and altered the substantive rights of the parties.

The court did not have discretion in this case, even within the 30-day period before the decree became final, to apply general equitable principles which, in effect, modified the property agreement when no fraud or coercion or other proper basis for relief was alleged.

The husband's further argument that the wife remained obligated for the taxes which accrued during her possession as her personal obligation or debt is not persuasive. Real estate taxes are not personal obligations but are liens against the real estate. (*People ex rel. McDonough v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 354 Ill. 438, 442 (1933).) Upon the wife's conveyance of her ownership interest by quitclaim deed, she retained no property interest upon which the lien could be applied.

We therefore reverse.

Reversed.

GUILD, P. J., and HALLETT, J., concur.