BOARD OF EDUCATION OF BEACH PARK COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 3, LAKE COUNTY, Plaintiff-Appellant, v. LINDA HESS, Lake County Clerk, *et al.*, Defendants-Appellees.

Second District   No. 2—84—1211

Opinion filed January 30, 1986.

Gerald C. Snyder, Jr., Dennis A. Brebner, and Clayton P. Voegtle, all of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Bruce A. Slivnick, Assistant State's Attorney, of counsel), for appellee Linda Hess.

Glen E. Amundsen, of Querrey, Harrow, Gulanick & Kennedy, of Waukegan, for appellee American Motorists Insurance Company.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, board of education of Beach Park Community Consolidated School District No. 3, appeals from an order entered by the circuit court of Lake County dismissing its amended complaint against defendants, Linda Hess, county clerk of Lake County (county clerk), the county board of Lake County, and American Motorists Insurance Company, the surety on the county clerk's penal bond.

Plaintiff placed a referendum before the voters of its school district to increase the maximum tax rate for the educational fund from $1.40 per $100 on the equalized assessed value of taxable property to $1.90 per $100 on the equalized assessed value of taxable property. At

an election held on February 22, 1983, the voters passed the referendum. Thereafter, the plaintiff adopted its budget and filed its levy for 1983 taxes to be collected in 1984 with the county clerk. Under section 17—10 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 17—10), the county clerk was required to send each school treasurer of the county a certificate of the amount due his district from the tax so extended and placed upon the tax books prior to delivering the tax books to the collector. The county clerk failed to provide plaintiff's school treasurer with a certificate before sending the tax books to the collector. Instead, after the tax books had been delivered to the collector, the county clerk sent notice to plaintiff's school treasurer showing the amount due the district from the tax extended. That amount, however, was based on the old maximum rate of $1.40 in effect prior to the passage of the referendum. Plaintiff informed the county clerk of the error, and on May 2, 1984, before the tax bills were sent out, plaintiff's representatives met with the county clerk and county treasurer and made demand upon them to issue proper tax bills or to issue supplemental tax bills. Despite their requests, incorrect tax bills were sent to the taxpayers within the school district, bills which did not reflect the higher tax rate that had been approved by the voters on February 22, 1983. According to plaintiff, the county clerk stated that it was too late to correct the 1983 tax bills since they had already been printed.

Plaintiff then brought suit in the circuit court of Lake County in June 1984. The trial court dismissed the complaint but granted plaintiff leave to file an amended complaint. On August 31, 1984, plaintiff filed a four-count amended complaint. Count I charged the county clerk with negligence in failing to properly perform her statutory duties. Specifically, plaintiff alleged that, pursuant to the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 482 *et seq.*), the county clerk was under a duty to extend the taxes authorized and levied by the school board. Further, plaintiff alleged that the county clerk was required under section 17—10 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 17—10) to mail to each school treasurer of the county a certificate of the tax amount due the district and placed on the tax books prior to delivering the tax books to the collector. In count II plaintiff, based upon the alleged statutory violations contained in count I, charged the county clerk with wilful and wanton misconduct. Count III was an action on the county clerk's $30,000 penal bond and relied on the same alleged breaches of the county clerk's statutory duties. Count IV alleged wilful and wanton misconduct on the part of the Lake County board in setting the amount of the county clerk's pe-

nal bond.

Following a hearing on defendants' motion to dismiss, the trial court dismissed the amended complaint with prejudice. Plaintiff then brought this appeal. Plaintiff concedes the trial court properly dismissed counts I and IV; thus, the only issue raised in this appeal concerns the dismissal of counts II and III.

The issue presented in this appeal is whether counts II and III of plaintiff's amended complaint state a cause of action. Count II charged the county clerk with wilful and wanton misconduct. The basis of this allegation was that the county clerk not only had a duty under the provisions of the Revenue Act of 1939 to extend the taxes properly levied by the school district but also had a duty under section 17—10 of the School Code to inform the treasurer of the amount of tax due prior to sending the tax books to the collector. Plaintiff contends that the county clerk is guilty of wilful and wanton misconduct in that she failed to provide the treasurer with the required notice and failed to extend the proper tax despite being informed before the tax bills were sent to the taxpayers that the tax was based upon the old maximum rate of $1.40.

Defendants advance a number of arguments to support their claim that count II fails to state a cause of action. Defendants contend that section 222 of the Revenue Act of 1939 provides plaintiff's sole and exclusive remedy. Section 222 states:

> "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any omission, erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." Ill. Rev. Stat. 1983, ch. 120, par. 703.

In response, plaintiff argues that because there is nothing in section 222 which clearly indicates that the legislature intended it to be the exclusive remedy, this court should not apply that section to the instant case. Further, the plaintiff points out that the authority for the county clerk to extend the tax in question here is provided not by the Revenue Act but by section 17—10 of the School Code, which requires a county clerk, *inter alia*, to calculate each person's tax "so as to realize the amount of money required to be raised in such district, as shown in the certificate of tax levy, made out by the governing body of such district ***." (Ill. Rev. Stat. 1983, ch. 122, par. 17—10.) Plaintiff argues that since there is no provision in the School Code similar to section 222 of the Revenue Act, it indicates that the legisla-

ture did not intend section 222 to be an exclusive remedy.

■ We agree with the defendants' argument that section 222 of the Revenue Act constitutes plaintiff's sole and exclusive remedy. Initially, we note that while plaintiff relied on the Revenue Act in its amended complaint to establish the county clerk's duty to extend the taxes levied by the school district, it now gives the impression that it relied solely on section 17—10 of the School Code. In any event, even though that provision of the School Code does, in fact, require a county clerk to extend the taxes properly levied by the school district, it must be remembered that section 17—10 and the provisions of the Revenue Act of 1939 dealing with property taxation pertain to the same subject matter. As such, they are *in pari materia* and should be construed together. (*People ex rel. Bell v. New York Central R.R. Co.* (1957), 10 Ill. 2d 612, 621; *People ex rel. Republican-Reporter Corp. v. Holmes* (1968), 98 Ill. App. 2d 11, 15-16.) Plaintiff's position appears to be that each provision of the Revenue Act intended to be applied to other statutes must be restated in each statute. This, however, is clearly contrary to the principle that statutes dealing with the same subject matter are to be construed together. Consequently, we do not believe that section 17—10 of the School Code can be viewed in isolation, separate and apart from the provisions of the Revenue Act.

■ In section 222 of the Revenue Act, the legislature provided a remedy for situations where, as here, a tax is prevented from being collected. It has been observed that when the legislature has provided a remedy on a subject matter, courts should not expand that remedy by judicial decree. (*Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 116.) Further, the legislature is presumed to have acted thoroughly and conscientiously. (*Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 104-05; *People v. Manning* (1979), 76 Ill. 2d 235, 241.) One must therefore presume that if the legislature had intended to allow an action against a county clerk for the recovery of taxes that were prevented from being collected, it would have so provided. This is particularly true when one considers that section 17—15 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 17—15) expressly authorizes the school treasurer to maintain an action against the collector and his sureties if the collector fails to pay the taxes levied by the school district.

Our supreme court has acknowledged the applicability of section 222 of the Revenue Act in cases where school districts have been prevented from receiving taxes because of the actions by the county clerk. In *People ex rel. Siekmann v. Pennsylvania R.R. Co.* (1944), 385 Ill. 350, the county clerk erroneously extended the tax levied by

the school district at the wrong rate, thereby resulting in less revenue to the district. An amount sufficient to make up the shortage was included in the tax for the following year. In rejecting a challenge to the validity of the additional tax, the court noted that the legislature enacted section 222 "to cover mistakes such as occurred here." (385 Ill. 350, 360.) In *People ex rel. Loehr v. Missouri Pacific R.R. Co.* (1922), 301 Ill. 541, because the county clerk of one of the two counties covered by the school district failed to extend the tax levied by the district, certain taxpayers were forced to pay more tax than they would have been required to pay had all the property within the district borne its fair share. In holding that the county clerk's action did not vitiate the entire tax in the district, the court stated:

> "The legislature recognized that a situation like the one before us might arise, and so it provided by section 277 of the Revenue act [now section 222] that if a tax on property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year." (301 Ill. 541, 547.)

While these cases are not directly on point since they involved challenges by taxpayers to the validity of taxes extended by the county clerk, they nevertheless reveal a recognition on the part of the supreme court that the legislature has afforded school districts a remedy where the county clerk failed to extend taxes levied by the school district.

Defendants point out that the School Code provides a number of alternatives by which plaintiff may obtain the necessary funds to make up the shortage prior to the issuance of subsequent tax bills, including interfund loans (Ill. Rev. Stat. 1983, ch. 122, par. 10—22.33), tax anticipation warrants (Ill. Rev. Stat. 1983, ch. 122, par. 17—16) and the issuance of bonds (Ill. Rev. Stat. 1983, ch. 122, par. 19—1 *et seq.*). Plaintiff argues that it will incur interest expenses under these alternatives which will not be paid to the district in any tax added to a subsequent tax under section 222 of the Revenue Act. Thus, it contends section 222 provides inadequate relief. It maintains that it should be permitted to recover all damages, including interest expenses, naturally flowing from the county clerk's actions.

■ We disagree. The simple answer to plaintiff's argument is that if the legislature had intended to permit the recovery of interest expenses in cases where taxes are properly extended but prevented from being collected, it would have expressly so provided as it did in

section 220 of the Revenue Act, which allows recovery of 10% interest where the tax assessment against property was omitted in any year or number of years. (Ill. Rev. Stat. 1983, ch. 120, par. 701). Thus is it clear that the omission of interest in section 222 was a conscious decision on the part of the legislature. Merely because plaintiff feels that the relief afforded by section 222 is inadequate is hardly justification for discarding the clear intent of the legislature.

One final argument must be addressed. Plaintiff cites *Board of Education v. Pomeroy* (1977), 47 Ill. App. 3d 468, as authority that section 222 of the Revenue Act is not its sole and exclusive remedy. In that case the plaintiff school board filed a complaint which sought a mandatory injunction to compel certain county officials to comply with various provisions of the Revenue Act. The board alleged that the officials either unreasonably delayed or failed to perform their statutory duties regarding the assessment of property and the collection of taxes. The trial court dismissed the complaint for failure to state a cause of action, and the appellate court affirmed. The appellate court concluded that a mandatory injunction was not a proper remedy under the facts of the case. In *dictum* the court observed that *mandamus* would have been a proper remedy to command the officials to carry out their statutory obligations. Plaintiff here seizes on this observation as authority that section 222 was not intended as an exclusive remedy.

Plaintiff's reliance on *Pomeroy* is, in our opinion, misplaced. Contrary to the circumstances in the case at bar, the legislature had not provided specific remedies to cover most of the allegations raised by the school board in *Pomeroy*, and therefore that case is distinguishable from the instant case. Moreover, it is significant to note that with respect to the allegations for which a specific remedy had been provided, the court in *Pomeroy* found that remedy to be adequate. *Pomeroy* can further be distinguished on the ground that the question of the exclusivity of section 222 was never discussed since there was no claim by the board that the county clerk failed to extend the taxes it had levied. *Pomeroy*, therefore, has no application to the present case.

The legislature fully contemplated that an error such as occurred here might arise and thus enacted section 222 of the Revenue Act as a means to provide the taxing authority with the revenue it was prevented from receiving. We believe that the legislature intended section 222 to be an exclusive remedy. In this regard, we note the admonishments by the supreme court in *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 220, where the court stated:

"[S]tatutes should be interpreted and applied in the manner in which they are written. They should not be rewritten by a court to make them consistent with the court's idea of orderliness and public policy. [Citation.] In *People v. Wilcox* (1908), 237 Ill. 421, 428, this court observed: 'It is not for the courts to pass upon what the *** laws ought to be, but to declare what they are.' "

■ Count III of plaintiff's amended complaint is an action on the county clerk's official bond. Plaintiff seeks to sue directly American Motorists Insurance Company in its capacity as surety for the county clerk's bond. It is, however, well settled that a surety is not liable for injuries caused by the principal unless the principal is liable. (*Bencie v. Williams* (1949), 337 Ill. App. 414, 418; 74 Am. Jur. 2d *Suretyship* sec. 25 (1974).) The liability of a surety on an official bond is as great but no greater than the liability of the officer while acting in his or her official capacity. (63A Am. Jur. 2d *Public Officers & Employees* sec. 506 (1984).) Consequently, since plaintiff cannot state a cause of action against the county clerk, the trial court properly dismissed count III of the plaintiff's amended complaint.

The judgment of the circuit court of Lake County dismissing counts II and III of the plaintiff's amended complaint is affirmed.

Affirmed.

REINHARD and SCHNAKE, JJ., concur.