ROBERT W. RAINES *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF GREENE, Defendant-Appellee.

Fourth District   No. 4—87—0496

Opinion filed March 9, 1988.

Thomson, Mann, Mann, Mitchell & McNeely, P.C., of Jacksonville (Charles E. McNeely, of counsel), for appellants.

Norbert J. Goetten, State's Attorney, of Carrollton (John X. Breslin and Kenneth R. Boyle, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

On June 22, 1987, the circuit court of Greene County entered an order denying plaintiffs' consolidated tax objections. Plaintiffs appeal. We affirm.

The circumstances underlying this appeal commenced on September 6, 1977, when the city of Roodhouse passed its tax levy for taxes to be extended in the 1977 tax year to be paid in 1978. The clerk of Greene County failed to extend a portion of the taxes which were levied, and, as a result, the sum of $31,673, which should have been collected and paid over to Roodhouse, was not collected.

As a result, suit was filed by Roodhouse against the Greene County clerk in 1979. A judgment was entered in that case against Greene County in the amount of $31,673. This was eventually paid by the county's insurance carrier, Chubb/Pacific Indemnity Company (Chubb). At the time of the payment, Chubb and the county entered into an agreement whereby the county agreed to cooperate fully and assist Chubb in recovery of the $31,673.

On May 18, 1984, Chubb filed a complaint for *mandamus* against the county clerk requesting that she be ordered to extend an additional sum of $31,673 to the next tax extension made by her against real estate located within Roodhouse. On August 16, 1985, the circuit court entered an order directing the county clerk to extend the taxes previously levied by Roodhouse on September 6, 1977, in the amount of $31,673 to the next tax extension and pay this sum to Chubb. The county clerk extended these taxes on the 1985 real estate taxes, payable in 1986.

Plaintiffs filed tax objections with the payment of their 1985 real estate taxes, payable in 1986. The court conducted a hearing on June 11, 1987, and on June 22, 1987, entered an order holding against plaintiffs. The order stated that section 222 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1985, ch. 120, par. 703) authorized collection of the 1977 taxes with the 1985 taxes, and that the back taxes must be calculated on the 1977 equalized assessed valuation so as to not affect any improvements made since that time.

■■ Plaintiffs appeal asserting two grounds for reversal and suggesting a third. The first is that section 222 of the Act cannot be used by a nontaxing, nongovernmental entity. Plaintiffs argue that collection of these taxes is done strictly for the benefit and at the behest of Chubb, and this is improper.

Section 222 provides:

"If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any omission, erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or

years." (Ill. Rev. Stat. 1985, ch. 120, par. 703.)

Where collection of a valid property tax assessment is not made, this section has been held to authorize addition of an amount of uncollected tax to the taxes levied by the same authority on the same property for subsequent years. (*People ex rel. School Directors of District No. 73 v. Klehm* (1932), 350 Ill. 419, 426, 183 N.E. 454, 457; *Watson v. Village of Sibley* (1939), 372 Ill. 633, 636, 25 N.E.2d 1, 2.) This section deals only with a tax which has been already levied and has not, for some reason, been collected. (*People ex rel. Edgar v. National Box Co.* (1910), 248 Ill. 141, 144, 93 N.E. 778, 779; *Watson*, 372 Ill. at 636, 25 N.E.2d at 2.) In *Watson*, the court held that where village taxes assessed and levied against property in the village were not extended or collected for four years or paid by the property owners, the taxes were properly added to the tax on such property for a subsequent year.

■ There is no question in the present case that the 1977 taxes were properly levied by Roodhouse. Therefore, pursuant to section 222 of the Act, the 1977 taxes could have been added to subsequent year taxes and collected for Roodhouse. Plaintiffs acknowledge this. They insist, however, that once Chubb paid the $31,673 to Roodhouse the section could no longer be used. They suggest the proper procedure would have been for the county to defend the original lawsuit by citing this section, leaving Roodhouse with the only remedy of collecting the taxes in a subsequent year. However, whether section 222 provides an exclusive remedy for Roodhouse, and the county could have asserted it as a defense in the original lawsuit (see *Board of Education v. Hess* (1986), 140 Ill. App. 3d 653, 488 N.E.2d 1358), is a moot point since that decision was not appealed.

■ As noted, there is no question but that the 1977 tax levy was proper and that due to some omission or erroneous proceeding was not collected. This is just such a situation for which section 222 was drafted and has been held to be applicable. Nor is it questioned that Roodhouse received the $31,673 that it would have received if the tax had been properly extended. To hold that the property owners of Roodhouse do not have to pay a tax which was properly levied for which the city has already received the benefit because the funds are to reimburse the county's insurance carrier and not to go directly to the tax levying body is not logical and leads to an inequitable result. The extension of the 1977 taxes on the property owners of Roodhouse in the amount of $31,673 and the payment of these funds to Chubb will return all the parties, on the whole, to the positions they would have. been in if the tax had been properly collected to be-

gin with. Obtaining such a result appears to be the purpose of section 222 of the Act.

Plaintiffs next assert that the taxes are improper because Roodhouse violated the Truth in Taxation Act (Truth Act) (Ill. Rev. Stat. 1985, ch. 120, par. 861 *et seq.*) with its 1985 tax levy. Sections 3 and 5 of the Truth Act provide:

> "The purpose of this Act is to require taxing districts to disclose by publication and to hold a public hearing on their intention to adopt an aggregate levy in amounts more than 105% of the amount of property taxes extended or estimated to be extended upon the levy of the preceding year." Ill. Rev. Stat. 1985, ch. 120, par. 863.

> "Until it has complied with the notice and hearing provisions of this Act, no taxing district shall levy an amount of ad valorem tax which is more than 105% of the amount, exclusive of election costs, which has been extended or is estimated will be extended upon the levy of the preceding year." Ill. Rev. Stat. 1985, ch. 120, par. 865.

Plaintiffs point out the taxes based on the 1985 levy and extended in 1986, taken together with the 1977 taxes, far exceed the 105% limitation of section 3 of the Truth Act. In absence of the required public hearing, it is argued the tax collected in 1986 cannot exceed 105% of the amount extended in 1985 for the 1984 taxes. However, section 3 of the Truth Act does not limit the amount to be collected under section 222 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 703).

■■ ■ The purpose of sections 3 and 5 of the Truth Act is to prohibit a taxing body from adopting an aggregate levy in excess of a 5% increase from the previous year's extension without a public hearing. The operative phrase is "aggregate levy." The Truth Act does not define this terminology. Our supreme court has determined aggregate levy to be "the total of all levies included in the annual levy ordinance except election costs." (*Board of Education v. Kusper* (1982), 92 Ill. 2d 333, 338, 442 N.E.2d 179, 182.) As discussed earlier, section 222 of the Act applies because there was a proper levy in 1977 but which was not extended in 1978. Section 222 "authorizes the addition of the amount of such uncollected tax or assessment to the taxes levied by the same authority on the same property for a subsequent year." (*Klehm*, 350 Ill. at 426, 183 N.E. at 457.) It is clear section 222 results in the addition of the amount of missed taxes on a subsequent year but does not result in any impact on the aggregate levy of that subsequent year. Accordingly, the $31,673

taxes based on the 1977 levy should not be included in the 1985 aggregate levy for purposes of determining the propriety of the 1986 extension.

■ Finally, plaintiffs' brief suggests the result is unfair since a number of landowners paying the 1985 tax did not own their property in 1977. However, it has long been established in Illinois that real estate taxes follow the land and not the landowner. Section 216 of the Revenue Act provides in part:

> "The taxes upon real property, together with all penalties, interests and costs, that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and encumbrances, from and including the first day of January *in the year in which the taxes are levied* until the same are paid ***." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 120, par. 697.)

In discussing this section, the supreme court has stated:

> "The State has a perpetual lien on all taxable lands within its limits which cannot be divested through changes of ownership." (*Forman Realty Corp. v. Brenza* (1957), 11 Ill. 2d 531, 540, 144 N.E.2d 623, 628.)

Real estate taxes are not personal obligations but liens against the real estate. (*Chodl v. Chodl* (1976), 37 Ill. App. 3d 52, 54, 344 N.E.2d 711, 714.) Accordingly, while we are sympathetic to the situation of the landowners who have purchased their land since 1977, that fact in no way affects the validity of the uncollected 1977 taxes being collected along with the 1985 taxes.

For the reasons stated above, the order of the circuit court of Greene County is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.